## Douglas *against* Hoag.

FROM the return made to the *certiorari* in this cause, it appeared, that *Douglas,* the defendant below, was sued by *Hoag,* in an action of *assumpsit* ; and pleaded to the plaintiff's declaration, that previous to the commencement of that action, he had brought an action against *Hoag,* before another justice of the peace, in a plea of trespass on the case, and that the *summons* had been duly served on *Hoag,* prior to the commencement of this action. On a *demurrer* to the plea, the same was overruled by the justice, and a judgment rendered against *Douglas.* A motion was now made to reverse the judgment ; and the case was submitted to the decision of the court, without any argument.

*In an action before a justice, it is a good plea in bar, that the defendant had previously commenced an action against the plaintiff before another justice, in which the plaintiff ought to have set-off his demand.*

SPENCER, J. The error assigned in this case, is, that the justice improperly overruled the plea of the pendency of another suit before another justice. The suit thus alleged to be pending, had been so far instituted, that a summons had been served. To any other court than that of a justice, it would be a frivolous objection, that one party had commenced a suit against the other, because, though the defendant, in the first suit, may set-off his demand, yet he cannot be obliged to do so, nor does he forfeit his debt, if he omit it. It is supposed, that the 9th section of the $25

NEW-YORK,
May, 1806.

Douglas
v.
Hoag.

act, gives a right to the party who has first sued out process, to coerce the defendant to submit to the tribunal which has been first resorted to, and there to set-off his demand.

The section referred to, undoubtedly, requires the defendant to set-off his demand at the trial, and if he neglect or refuse so to do, he is precluded from any action to recover the same, unless it exceeds $25. But in this case, there had been no neglect or refusal to plead and set-off; it is true, the plaintiff in error had acquired a priority, but this, by no part of the act, precluded the defendant in error from taking out a process, returnable at a day prior to that on which the other was returnable. I admit that such practice may be attended with vexation, but to apply a corrective, is solely within the power of the legislature. I cannot say, that an act which precludes a party's demand, if not brought forword at the trial, shall be construed to mean to preclude his suing for that demand, when there has been no trial, nor any neglect or refusal to off-set it. The judgment below ought to be affirmed.

LIVINGSTON, J. I concur in the opinion just delivered. There is nothing in the act to deprive the defendant in error of a right, which he would have in every other court, to bring a cross-suit. Nor can I perceive why it should be so. It would give the debtor a choice of the tribunal; for if he apprehended a suit on the part of his creditor, he might take out process against him, before such justice as he deemed most friendly, and compel him to litigate there; at any rate, if it should be otherwise, it will be easy for the legislature to say so.

THOMPSON, J. The determination of the question arising in this case, will depend upon the construction to be given to the 9th section of the act for the more speedy recovery of debts to the value of twenty-five dollars, which declares, "That if the defendant, in any action to be brought "by virtue of this act, hath any account or demand against "the plaintiff, he may plead and set-off the same against "the debt or demand of the plaintiff; and if he shall ne-"glect or refuse so to do, he shall, for ever thereafter, be

" precluded from having any action to recover the same."

It has been settled in this court, in the case of *Carpenter*
and *Butterfield*,† that with respect to suits prosecuted here,
the issuing of the writ, as to every material purpose, shall
be deemed the commencement of the suit ; and by analogy,
the issuing of the summons or warrant in a justice's court,
must be the commencement of the suit there. The obliga-
tion imposed on a defendant to set-off his demand, must, I
think, attach on the commencement of the suit against him,
and oblige him to set-off, in that action, any account or de-
mand existing at that time. The words of the statute will
warrant this construction : they are, " if the defendant, in
any action to be brought, *hath* any account or demand," &c.
The question naturally arises, *hath when ?* The answer is,
*hath* at the time the suit is brought or commenced against
him. If the defendant's account or demand arose after the
commencement of the suit against him, he would not be
obliged to, neither could he, set it off, if objected to, according
to the decision in the case of *Carpenter* and *Butterfield*.—
If the defendant's obligation to set-off his account or de-
mand attached on the commencement of the suit against
him, he certainly would have no right afterwards to com-
mence a suit, and thereby make himself plaintiff, instead of
defendant. The construction of the statute which I have
adopted, appears to me not only necessarily to result from
the phraseology used, but to be the most conducive to the
end of justice, and best calculated to prevent litigation.—
To permit a defendant, against whom a suit is brought, im-
mediately to commence a cross-action, and endeavour to
have his cause brought to trial first, and to compel the plain-
tiff, in the first action, to set-off his demand in the second,
would not only be throwing on him the costs of his own suit,
which he had a legal right to commence, but would be open-
ing a door to that kind of strife and vexatious practice,
which ought not to be countenanced. My opinion,
therefore, is, that the plea interposed by the defendant
in the court below, ought to have been received by the

† Referred to
in 1 *Caines*, 71.

NEW-YORK, justice in bar of the plaintiff's action, and that the judgment
May, 1806. below must be reversed.

Hotchkiss      KENT, C. J. and TOMPKINS, J. declared themselves of
v.        the same opinion.
Lothrop.

Judgment reversed.