TOWNSEND *against* CHASE.

*Certiorari from a Justice's Court.*

ASSUMPSIT, by *Chase* against *Townsend.* The suit was commenced by summons. *Townsend* pleaded a former suit in bar, which was then pending. To support this plea, he produced a certificate of the Justice, before whom the first

*The certificate of a justice is not admissible to prove his proceedings, till after judgment in the cause.*

It is then evidence of the judgment, and the proceedings which led to it. It is a good plea, in assumpsit, that the defendant had first brought assumpsit, against the plaintiff, before a justice. But if both suits are brought at the same time, the process first served shall take preference. If commenced on the same day, they shall be deemed to have been commenced at the same time; for the court will not distinguish between the fractions of a day.

NEW-YORK, suit was commenced, from which it appeared that the pen-
May, 1823.
dency of this suit was pleaded in that and overruled, but up-

TOWNSEND on what evidence did not appear.   The certificate of the
v.
CHASE.
Justice was objected to, as incompetent evidence ; but ad-
mitted.   The constable, who served the summons in this suit,
testified, that he received it on the 11th of June, and imme-
diately served it upon *Townsend ;* that after it was served,
*Townsend* gave him the summons against *Chase*, which was
served on the same day.   The Justice decided that the plea
of a prior suit was not sustained.   *Townsend*, the defendant,
then abandoned the cause.   Judgment was given for the
plaintiff.

D. H. Chandler, for the plaintiff in error.

H. Putnam, for the defendant.

*Curia.*   The judgment is clearly according to the justice
of the case.   The plea, of a former action, was not sustain-
ed by competent proof.   The 21st section of the twenty-

(a) 1 R. L. five dollar act,(a) makes the official certificate of the Jus-
398.
tice legal evidence, only *after a judgment rendered.*   It is
then evidence of the *judgment*, and of the *proceedings* which
led to it.   This is the obvious meaning and construction
of that section.   But if the character of the evidence
were unexceptionable, it does not support the plea ; though
it was, undoubtedly, a good bar, if sustained.   This was set-
tled in *Douglass* v. *Hoag*, (1 *John. Rep.* 283.)   The same
case, and also the case of *Boyce* v. *Morgan*, (3 *Caines*, 133,)
determine, that the issuing of the summons is the commence-
ment of the suit.   In this case, both summonses were issued
upon the same day, but the summons, in this suit, was first
served.   After it was served, *Townsend* handed to the same
officer the summons in the other suit.

In the absence of proof, as to the time of issuing, the pro-
cess first served must be presumed to have been first issued ;
and where both writs are issued upon the same day, that suit
must be considered as first commenced, in which the writ is

first served; although the other writ was, in fact, first issued; the Court not distinguishing between different parts of the same day.(b)

Judgment affirmed.

(b) *Co. Litt.* 135, b. 2 *Bl. Com.* 141. And vid. 8 *John. Rep.* 350.