The
Chief Justice
delivered the opinion of the court.
The declaration in this case is in assumpsit, for use and occupation on promises to the deceased, on an account stated with the deceased, and for use and occupation, and for interest, upon promises to the executors.
The defendant has pleaded in abatement that previous to the suing out of the writ against him in this action, he sued out of this court a writ of summons in case against the plaintiffs, executors as aforesaid, for eight thousand dollars damages, which was duly served on them, and the action thereon is still depending before this court; that he filed a declaration in the said action against them; and that the cause of action for which he is now sued’ in the present action arose previously to the suing out of the said summons by him against them, and may be set off and settled in the said action so depending against tbéra. To this plea there is a general demurrer and joinder.
The matters stated in this plea being admitted by the demurrer to be true, the question arises whether an action having been previously commenced, in which^ the matters claimed in th,e *277 present suit may be made the subject of set off, the defendants in that action, now the plaintiffs, could lawfully institute this suit.
The solution of this question is found in our statute, “ concerning obligations, and to enable mutual dealers to discount.’' Rev. Laws 305. In the eleventh section it is enacted, that if any two or more dealing together, or having dealt together, be indebted to each other upon bonds, bills, bargains, contracts, promises, accounts, or the like, and one of them or his executors or administrators commence an action against the other or his executors or administrators, if the defendant cannot gainsay the deed, bargain, contract, or assumption upon which he is sued, it shall he lawful for such defendant to plead payment of all or any part of the sum demanded, giving notice in writing with the plea of what he will insist upon at the trial for his discharge, and to give any bond &c. so given notice of in evidence; or else be precluded from bringing any action for that which he might or ought to have pleaded and given in evidence. By the provisions of this section, the defendant is compelled, when an action is brought against him in which a set off may he made, to offer Iris demands by way of set off; and failing lo do so, is prohibited from making them the subject of an action. An action being instituted against him, he is required to claim a set off in it, and is precluded from bringing an action for such demands as he might set off. The proper course of proceeding is fixed by the commencement of the first action. The defendant is required to plead payment, to give notice, and, on the trial, to ^produce evidence of his demands. If he omit to do so, he is prohibited from bringing a subsequent action ; and it equally and ¡necessarily follows that pending the first, he is precluded from Instituting another. The obvious spirit and policy of the statute was not only to encourage, but to enforce the adjustfnent of such demands in one action. If it be objected that a person who justly anticipates an action against him, may, to create delay, or to procure some undue advantage, himself become plaintiff, the answer is, that a consequence of this kind, very little however to be feared, is the error of the law not of the interpretation; and if the situation of plaintiff brings with it any benefits, the way was equally open to the other paity to; have become so; and the wisdom of the law has long said, vigil,antibis non dormientibus pira subveniunt. The prohibitory *278 clause of our statute is not contained in the English statutes of set off. Under them it is optional with the defendant whether he will waive, or avail himself of the privilege. He may, if he please, omit to claim it, and for his demands institute another action. Montagu on set off, 37. The question now before us could not, therefore, have arisen there; and accordingly, we do not find in the books of practice, the precedent of a plea of this nature, nor an adjudged case on the point, in the reports of •Westminster Hall. The same rule prevails in most of the states of the Union. The statute of New-York, which authorizes a set off in the practice of the higher courts, has been held to be not compulsory, and that a defendant may waive the set off and resort to an action. Rev. Laws, Edit, of 1807, Sess. 24, ch. 90. Carpenter v. Butterfield, 3 John. ca. 146. In the statute of that state for the recovery of debts under twenty-five dollars, in the justices’ courts, Rev. Laws, ch. 165, the prohibitory clause is inserted : the defendant is allowed to set off any account or demand against the plaintiff and if he neglect or refuse, be is precluded from having any action for the same. Under this statute, in the case of Douglass v. Hoag, on certiorari, 1 John. 283, a plea in an action before a justice of the peace, that the defendant had previously commenced an action against the plaintiff before another justice of the peace, in which the plaintiff ought to have set off his demand, was sustained. The obligation imposed on the defendant by the statute to set off his account or demand, is the principle on which. this decision was placed by the court. “ To permit,” says Thompson, J., very appropriately, ££ a defendant against whom a suit is brought, immediately to commence a cross action, and endeavour to have his cause brought to trial first, and to compel the plaintiff in the first action to set off his demand in the second, would not only be throwing on him the costs of his own suit, which he had a legal right to commence, but would be opening a door to that kind of strife and vexatious practice, which ought not to be countenanced.” In the case of Townsend v. Chase, 1 Cowen, 116, the same court held a similar plea to be a good bar.
It is suggested that the action brought by the defendant and mentioned in the plea before us, is, in truth, that which was commenced by summons in trespass, in which we have just now delivered an opinion, and that being in trespass, and the *279 party therefore Irregularly declaring In assumpsit, there was really no such action previously commenced, as is averred in the plea. But it is clear that, hi examining the present ease, we cannot look beyond the pleadings of the parties. The defend' ant avers the pendency of a former action in case, in which the matters of the present suit might be set off. The plaintiffs’ by the demurrer admit these allegations to be true. What the parties in pleading have agreed aod admitted, must, stand as between them and in this action for truth. The State v. Crowell, 4 Halst , 411. If the plaintiffs intended to controvert the existence of such previous action as is set up in the plea, they should have filed a replication instead of a demurrer.
Let there ha judgment on the plea in abatement for the defendant, with leave to the plaintiffs to withdraw their demurrer and reply.