Emmet, J.
I have looked into this question, and" am of *661 opinion that "the objection is well taken. The Code, § 390, provides'for the examination of a party as a witness, either at the trial, or conditionally, or upon commission; and expressly declares (§ 389), that no examination of a party shall be had on behalf of the adverse party, except in one of those modes. The present proceeding is not under the Code, but expressly under the provisions of the Revised Statutes to perpetuate testimony, which never contemplated the examination of a party. The examination of parties as witnesses was not then known to the law.
¡Neither do those provisions of the Revised Statutes give power to compel a party to produce his books, &c. That object can only be attained under Tit. 3d, ch. 1, part 3, § 30, &c., of the Revised Statutes, or under § 388 of the Code.
Both those enactments leave it to the discretion of the court to compel such production, and both make it a condition that the books, &c., required should contain evidence relating to the merits of the case.
If this application had been made under either of these acts, I do not think it should be granted. It is not easy to conceive what the merits of an action may be, or, indeed, that it can have any merits, on a bare summons for general relief, and before any complaint has been exhibited, and without even an affidavit disclosing the nature of the relief sought.
Strictly speaking, the merits of an action can only appear from the pleadings on hoth sides, and cannot be fairly presented until the cause is at issue. But, assuming that it is sufficiently apparent, that the plaintiff’s object in this proceeding is to obtain the necessary materials from the defendants’ books to frame a complaint against them for a libel, I should much doubt the propriety of exercising the power of the court to facilitate such a purpose under any form of application, without strong affidavits, showing its necessity to enable a plaintiff to obtain redress.
The motion to compel, obedience to the order and summons must be denied, but without costs, the question having been submitted as somewhat novel in its character.
Approved on consultation.