# NEW YORK SUPERIOR COURT.

THOMAS PALMER agt. PETER C. ADAMS and CHARLES B.
WHITE.

A *party* to an action cannot be compelled at the instance of the adverse party, under
chap. 276 of the Laws of 1840, to make an affidavit or deposition, to be used on a
pending *motion*.

He could not be compelled to do so prior to the Code, and section 389 of the Code
provides expressly that a party shall not be examined on behalf of the adverse
party, except in the manner prescribed by the 6th chapter of its twelfth title.

*February 8th*, 1862.
*Before* BOSWORTH, *Ch. Justice.*

ON affidavits of the pendency of a motion in this action,
and that it is necessary for the plaintiff to have the depo-
sition of each defendant, to be used on the motion; that
each of them has refused to make his deposition volunta-
rily, and that each of them resides within the jurisdiction
of the court, the court issued a summons requiring each
defendant to attend before a judge of the court, to make
his said deposition. Each defendant attended, but, on
being called upon to be sworn and testify, refused to be
sworn, as he was a party to the action, insisting that the
court had no power to compel his attendance and require
him to make a deposition under chapter 276 of the Laws
of 1840, § 3, p. 223. The plaintiff's counsel thereupon
moved that each defendant be adjudged to be in contempt,
and that he be committed until he submit to make a depo-
sition. The question therefore *is*, whether the court, or a
judge of the court, can, under this statute, compel the
*defendants* to make a deposition to be used on a motion, or
commit them for a contempt for their refusal to make it.

DAVID DUDLEY FIELD, *for plaintiff.*
HORACE F. CLARK, *for defendants.*

BOSWORTH, Ch. Justice. The statute under which the present proceeding is taken, was passed on the 13th of May, 1840, and is entitled "An act in relation to the Superior Court, and Court of Common Pleas of the city of New York." (*Sess. Laws of* 1840, *ch.* 276, *p.* 222.)

Section 3 of this act declares that "where there shall be a motion or proceeding in the said court, in which it shall be necessary for either party to have the deposition of any witness, who may be within the jurisdiction of said court, and who shall have refused to make his deposition voluntarily, the said court may issue a summons requiring such witness to attend before a judge thereof to make his said deposition; and obedience to such summons may be enforced as in case of a subpœna issued by said court."

The Revised Statutes conferred on the supreme court, when such a case occurred in that court, power to "direct a .commission to be issued to one or more persons, inhabitants of the county in which such witness resides, to take his testimony." (2 *R. S.,* 554, §§ 24 *and* 25.) The notes of the Revisors state that "a recent case in 7th *Cowen,* (515,) shows the necessity of these sections." * * In the case in 7th *Cowen,* (515,) the plaintiff thought it material to have the affidavit of one Wilson, to be used in opposition to a motion pending in that court. Wilson refused to make an affidavit, and it was submitted whether the court would not grant a rule upon Wilson, compelling him to make the affidavit. The court thought it had no power to make the rule, and remarked, that "the uniform course in relation to those summary applications has been, to trust to voluntary affidavits; and the want of a power to coerce them has often been urged in argument, without contradiction, as a defect in this kind of proceeding." The object of the two statutes is probably the same, viz : to enable either party to obtain an affidavit, when it is necessary that he should have it on a pending motion or proceeding. The act of 1840, as it related to courts which, in a certain

sense, are courts of local jurisdiction, provided a summons returnable before a judge of the court—upon the idea, probably, that no person could be examined under it, except one residing in the same county with the judge. The supreme court then had but three justices, and as the Revised Statutes authorized the examination of a witness in any part of the state, they authorized a commission to examine him in the county of his residence. To require him to attend before a judge of the court, as the court was then organized, would, in most cases, subject him to great inconvenience. It is quite certain, that when the act of 1840 was passed, one party could not, by virtue of it, compel the other party to make an affidavit to be used on a motion. A party to an action could not be compelled to testify in it, at the instance of the adverse party.

Evidence could be obtained in certain cases, by a bill merely for discovery; but as a general rule, the party filing the bill paid the defendant's costs of making the discovery. In the case of bills for relief, unless an answer on oath was waived, the responsive allegations of the answer became evidence for the defendant, and the complainant was required to disprove them.

The defendants insist that a party cannot, by authority of the Code, be required to submit to any examination in a cause, at the instance of the adverse party, except in the cases, for the purposes, upon the conditions, and with the consequences specified in the Code itself. (*Keeler* agt. *Dusenbury*, 1 *Duer*, 660; *Huelin* agt. *Ridner*, 6 *Abb. R.*, 19.)

Section 389 of the Code declares that "No action to obtain discovery under oath, in aid of the prosecution or defence of another action, shall be allowed, *nor shall any examination of a party be had, on behalf of the adverse party, except in the manner prescribed in this chapter.*" This prohibitory language is as full and precise as can well be employed; and it is quite clear that the examination now sought is not under any provision of chapter 6 of title 12

of the Code. The Code (§ 390) enables a party to any action to compel an adverse party " to testify, either at the trial, or conditionally, or upon commission." The examination now sought, if compelled, will not be an examination " either at the trial, or conditionally, or upon commission."

Section 391 provides that " the examination, instead of being had at the trial, as provided in the last section, (§ 390,) may be had at any time before the trial, * * on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless, for good cause shown, the judge order otherwise."

In the case before me, no notice of five days has been served on the party to be examined, nor on either of the adverse parties of the intended examination of the other; and no order has been made by a judge authorizing an examination on a notice less than two days. The defendants are summoned before a judge, on a summons *issued* to each of them by the *court.*

The attendance of a party to be examined under section 391 is, by section 392, to be compelled by the issuing of a summons for that purpose, by the *judge* or *officer* before whom the examination is to be had. (*Code,* § 392; and 2 *R. S.,* 393, § 10.) No such proceeding has been taken in the present case.

It has been held, that an examination under section 391 cannot be compelled until the action is at issue. (1 *Code Rep., N. S.,* 109 ; 3 *Sand.,* 718 ; 11 *How.,* 518.) This action is not at issue. The examination taken under section 391, when taken, must be filed, and " may be read by either party on the trial." (*Code,* § 392.) The whole object of the examination of a party at the instance of the adverse party, under sections 390 and 391, is to obtain testimony on the trial, or which may be read on the trial. If taken before the trial, the party examined may use it in his own behalf.

The examination under the act of 1840 is not for the

purpose of obtaining evidence to be used at the trial. The adverse party is not entitled to notice of the examination, nor is any provision made to enable him to read it on the motion or proceeding in which it is taken. The party at whose instance it is taken, can only use it as an affidavit, and according to the rules relating to the use of affidavits.

This review of the provisions of the Code, relating to the examination of *parties*, leads to the conclusion that the Code has not changed the law on that subject, otherwise than is declared by its provisions. The clear and precise import of the prohibitory language of section 389, does not permit the court to seek for implied authority to compel an examination of a party in a case, or in a mode, or for a purpose not specified in the Code itself.

It is insisted, however, that the act of 1840 is prospective in such sense, that it will embrace as a witness, within the meaning of its provisions, any person authorized to testify or make affidavits, who, although under a disability at the time of its passage, is subsequently exempted from such disability. That no person is now precluded from being a witness by reason of interest, or of being a party to the record, and that a party should be deemed a witness within the meaning of the act of 1840, as the law now stands, and his examination be compelled under it, when necessary, in a case within that act.

The affidavit of a party, as well before that act as since, was admissible even in the party's own behalf, in all matters heard and determined on affidavits. Of course his affidavit, if he had made one, could be read against him. The Code has not, therefore, added to the competency of a party to make an affidavit to be used on a motion, nor enlarged the class of cases in which an affidavit is admissible as evidence. Chapter six of title twelve of the Code does not relate to the same subject matter as chapter 276 of the act of 1840. The latter was passed to enable a party to compel a person not a party, to make an *affidavit* to be used on a

motion or proceeding, and left it, when thus taken by compulsion, of no other force or effect than if it had been voluntarily made.

Sections 391 and 392 provide a mode of compelling a party to submit to an examination at the instance of the adverse party, to furnish testimony to be used on the trial of the action. These sections not only do not profess to have any other object, but section 389 declares that no examination of one party at the instance of his adversary, shall be had, " except in the manner prescribed by this chapter." (*Chap.* 6, *Code*, § 389.)

Sections 389 and 399 are not in conflict. They certainly should not be so construed as to conflict with each other, if on any just principles of construction they can be made. to harmonize.

Chapter 7 of title 12 of the Code, entitled " examination of witnesses," as originally enacted, related solely to the competency of witnesses to give evidence in chief, whether given at the trial, or taken out of court to be read on the trial. (*Laws of* 1848, *p.* 560, § 351.) As originally enacted, it made provision for examining witnesses out of court, who resided over one hundred miles from the place of trial. As the Code was amended in 1859, chapter 7 of title 12 contained but two sections; one declaring that no person offered as a witness should be excluded by reason of his interest in the event of the action, (§ 398,) and the other (§ 399) declaring that section 398 should not apply to a *party* to the action or to a party in *interest*. (*Laws of* 1859, *p.* 692, *ch.* 7.)

In 1851, section 399 was amended. (*Laws of* 1851, *App.*, *p.* 128.) It was again amended in 1857, 1858, 1859, and 1860. The section, as last amended, makes a *party* a competent witness for himself or for any other party, and provides that he " may be examined as a witness * * in the same manner, and subject to the same rules of examination as any other witness." (*Howard's Code,* 2d ed., 633–

649, § 399.)   This section relates exclusively to the matter of making parties competent as witnesses *in chief*, and to their examination as such.   It does not repeal or modify section 389, section 391, or section 392.

If it does not repeal sections 389, 391 and 392, nor in any way modify them, then it follows, if the views already stated are correct, that the defendants cannot be compelled to submit to an examination at the instance of the plaintiff under chapter 276 of the act of 1840, and they should be discharged from further attendance under the summons served on them. (*Keeler* agt. *Dusenbury*, 1 *Duer*, 660; *Huelin* agt. *Ridner*, 6 *Abb. R.*, 19.)

Section 399, in its present form, adds to the class of cases in which a party is competent to testify in chief, or may be required to do so.   In addition to being examinable in an *action*, it provides that he may be examined in proceedings in surrogates' courts, and in proceedings for the summary recovery of the possession of land.   To hold that this section, which was enacted to make parties competent as witnesses on a trial, will compel a party to submit to make a deposition for the adverse party, under the act of 1840, to be used on a motion, involves the necessity of declaring that it has repealed the prohibitory clause of section 389, although it was enacted to subserve a purpose having no connection with the objects secured by that section and section 391.   Section 391 is as important as a remedy now, as it was before section 399 was enacted in its present form.   And I think it quite clear, that it was not designed, by enacting it in its present form, to deprive a party of any protection secured to him, against annoyance by an adverse party, by section 389, or to overturn the rule embodied in section 392; that whenever compelled by the adverse party to testify, his testimony, thus given, shall be admissible as evidence in his own behalf.

Chapter 462 of the Laws of 1847, (*Sess. Laws of* 1847, *vol.* 2, *p.* 630,) does not conflict with the views before sta-

ted.    The word *proceeding*, as used in that chapter, means a *controversy between parties*, which may be heard before and decided by a court or *officer;* and the testimony which it provides means to compel, is to be used on the hearing and examination of such proceeding.    Section 2 provides that the proceeding may be dismissed, if the plaintiff or moving party refuses to testify ; and that if the party proceeded against refuse, his defence may be stricken out or disregarded.    It has in view the same object as chapter 6 of title 12 of the Code, viz :  to procure testimony in chief to the merits of a controversy.    It includes proceedings which may be had before any court or officer, as well as actions, and in that respect is more comprehensive than chapter 6 of title 12 of the Code.

In so far as the latter chapter conflicts or is inconsistent with chapter 462 of the laws of 1847, the former repeals the latter.    (*Code*, §§ 468 *and* 471.)    Section 389 of the Code enacts, in terms, that there shall not " any examination of a *party* be had, *on behalf of the adverse party*, except in the manner prescribed by chapter" 6 of title 12 of the Code.    If, by any strained construction of this act of 1847, one party could be compelled by the adverse party to make an affidavit or deposition before a judge, to be used on a motion pending elsewhere, (and I think he could not,) then section 389 of the Code repeals it, *quoad hoc*, because, thus construed, it authorizes what the Code expressly prohibits.

My conclusion is, that the defendants have a right to refuse to be sworn in the matter pending before me, and should be discharged from further attendance under the summons served on them.    An order to that effect will be made.