[ALBANY SPECIAL TERM, July 28, 1864. *Miller*, Justice.]

N. B. An appeal was taken by the defendants from the decision of the special term denying the defendants' application, and was heard at a general term of the supreme court held at the city of Albany on the first Monday of December, 1864, before Peckham, Miller and Ingalls, Justices, when the order of the special term was affirmed.

---

## LORD & AUSTIN *vs.* OSTRANDER.

The erroneous dismissal of a suit by a justice of the peace, against the remonstrance of the plaintiff, puts an end to it, as effectually as though it was dismissed upon the plaintiff's motion.

An appeal from the judgment of dismissal will not restore the action, so as to allow the plaintiff to interpose its pendency as a bar to a suit subsequently commenced by the defendant to recover a demand which he was required to avail himsef of as a set-off against the demand of the plaintiff before the justice.

Where, however, the county court upon a reversal of the judgment may award a new trial, either before the justice or in the county court, the

Lord *v.* Ostrander.

suit, *it seems,* is not determined pending an appeal to the county court, as to any matter in issue, or which is required to be put in issue in such action.

THE complaint alleged that the defendant owed the plaintiffs $90.30 with interest from the 28th day of December, 1860, on an account for goods sold and delivered to him, and for moneys paid out by them at the defendant's request. The answer, among other things, alleged that before the commencement of this action, the defendant sued the plaintiffs before a justice of the peace, in an action on contract, wherein the claim of the plaintiffs might, could and ought to have been set off against the claim of this defendant, and that the suit is still pending and undetermined. The issue was referred, and upon the trial before the referee, he found that the action was commenced on this same day, but after the service of the summons upon these plaintiffs to appear before the justice. That upon the return day of the summons the parties appeared before the justice, and this defendant declared in assumpsit; but the plaintiffs, instead of joining issue, made affidavit showing the commencement of this suit by them against the defendant. And thereupon the cause before the justice was adjourned. Upon the adjourned day the justice, against the remonstrance of the (then) plaintiff, entered a judgment dismissing the action with costs; and judgment of discontinuance was rendered before answer in this action. An appeal was taken from the said judgment to the county court, and is still pending. The referee overruled the defense and ordered judgment for the plaintiffs. To which the defendant excepted. Judgment having been entered up in pursuance of the report, the defendant appealed to this court.

*Jas. F. Starbuck,* for the appellant.

*L. H. Brown,* for the respondents.

*By the Court,* MORGAN, J.   Under the provisions of the revised statutes relating to pleading and set-offs in justices' courts, the plaintiffs, who were first sued by the defendant before a justice of the peace, were required to plead or give notice of their claim in this action and avail themselves of it before the justice, or be forever precluded from maintaining any action to recover the same, or any part thereof. (2 *R. S.* 233, 236, § 57.)   The pendency of the suit before the justice would therefore be a bar to this action.   (*Douglas* v. *Hoag,* 1 *John.* 283.   *Townsend* v. *Chase,* 1 *Cowen,* 115.)   But its effect as a bar would be obviated by the discontinuance of the prior action before answer in this action. (10 *How. P. R.* 85.   *S. C.* 10 *N. Y. Rep.* 500.)   It is however claimed by the appellants' counsel that the erroneous dismissal of the suit before the justice against the remonstrance of this defendant is not equivalent to a voluntary discontinuance of the action by him.   It certainly puts an end to the suit, as effectually as though it was dismissed upon the respondent's motion, so that it is no longer pending, unless it is kept alive by the defendant's appeal to the county court, from the judgment of dismissal.

But it is obvious that the original action, although erroneously dismissed by the justice, can not be restored.   If the county court should reverse the judgment, the suit is no longer available for any purpose whatever, either to sustain a demand or to defeat a set-off.   The county court has no jurisdiction to award a new trial, in which the plaintiffs here could avail themselves of their set-off.   If, however, it was a case where the county court could award a new trial, either before the justice, or in the appellate court, there are substantial grounds upon which it could be argued that the original action, notwithstanding its dismissal by the justice, was still pending as to any matter in issue or which is required to be put in issue in such action.   But this is not such a case.   The defendant's action before the justice is forever gone, and is no longer available as a bar to a new action

commenced against him by the plaintiffs. This was the opinion of the learned referee, and I think he was right, and that the judgment should be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, October 4, 1864. *Morgan, Bacon* and *Foster,* Justices.]