SMITH DAVIS and OLIVER DAVIS *v.* CORNELIUS R. DUFFIE, and Others.

*Practice—Service of Process on Convict in State Prison.*

The service of process upon a convict in State Prison is valid to confer jurisdiction upon the Court over the person and rights of the convict. Then, the service of a process commencing a foreclosure suit against the property of the convict is valid to give the Court jurisdiction to foreclose his equity of redemption in the premises.

Bookes, J.—This action was brought in the Superior Court of the city of New York, to redeem certain lots and possessions, situated in said city, from the effect and lien of a mortgage covering the same, made by the Plaintiff, Smith Davis, to the Defendant, Cornelius R. Duffie, dated March 8, 1838, which mortgage was given to secure the payment of $100, and interest, within two years from its date.

The Court at Special Term gave judgment for the Plaintiffs—holding that they were entitled to redeem the premises from the lien of the mortgage, and determining the rights of the parties Defendant, who had acquired an interest therein.

On appeal the General Term reversed the judgment, and ordered a new trial; whereupon the Plaintiffs appealed to this Court, stipulating that, in case the order should be affirmed, judgment absolute might be rendered against them.

The record shows that on the 2d day of September, 1839, the mortgagor, Smith Davis, was convicted of forgery in the second degree, and was sentenced to the State prison at Sing Sing, for seven years from that time, and that he was confined there during the period of his sentence.

That while he was there in confinement the mortgagee took proceedings to foreclose the mortgage in the Court of Chancery, before the Vice-Chancellor of the First Circuit, and on the 10th September, 1840, obtained a decree of foreclosure and sale, under which decree a sale was had, and the Defendant, Duffie, the mortgagee, became the purchaser of the mortgaged premises.

Davis was a party to the foreclosure suit. The subpœna issued therein was served on him while imprisoned in the State prison, under the aforesaid sentence, and also on the keeper of the prison. On these facts the question is presented, whether Davis, the mortgagor, was bound by the foreclosure, and his right of redemption thereby barred. It is insisted, on the part of the Plaintiffs, that the service of process on him in prison, under sentence for felony, was unauthorized, illegal, and void; and this position is based on the statute, which declares that "a sentence of imprisonment in a State prison, for any term less than for life, suspends all the civil rights of the person so sentenced, . . . . during the term of such imprisonment" (2 R. S. 701, § 19).

It is plain, I think, that the convict can claim no immunity under this provision of the statute. Its purpose was not to give him rights or privileges which he would not have if free, or unaffected by a conviction and sentence for a criminal offence. Its language is, that the sentence "suspends all the civil rights of the person so sentenced"—not the rights of others against him.

I concur unreservedly in the remarks of Judge Bosworth, where he says that "Duffie's mortgage lien was not impaired by Davis's guilt or conviction: his right to foreclose remained unaffected;" and further, that if Duffie could not procure a regular, valid decree while Davis was in prison, that it will follow that his conviction and sentence not only suspended his civil rights, but the rights of others against him.

This result was neither effected or intended by the statute. It was decided in Phelps *v.* Phelps (7 Paige, 150) that service upon a convict in the State prison, as in this case, was regular and valid to confer jurisdiction; and this has been the settled rule of law and practice both in England and in this country for a long period of time (Maddock's Ch. Prac., vol. 2, p. 200; Hoffman's Ch. Prac., vol. 1, p. 109; Barb. Ch. Prac., vol. 4, pp. 50, 51). Even if Davis could be deemed civilly dead, as would have been his condition had he been sentenced to imprisonment for life (2 R. S. 701, § 20), still he would have been answerable to his creditors, according to the usual practice of the Courts. Chitty says:

" This situation of civiliter mortuus is never allowed to protect him from the claims of private individuals or the necessities of public justice; so that, although he can bring no action against another, he may be sued, and execution may be taken out against him." See also remarks of Chancellor Kent in Platner *v.* Sherwood (6 John. Ch. 130, 131). Indeed, the decisions are uniform, that although the right of a convict to prosecute an action is suspended, and his property in some instances forfeited, still he may be sued, and the suit against him may be prosecuted to judgment.

Nor is this right taken from a creditor by the provision of the statute declaring that persons imprisoned in the State prison, other than persons adjudged to imprisonment for life, shall be deemed absconding debtors, within the premises of the act providing for relief against absconding and absent debtors. This act was intended to enlarge the rights of creditors, not to limit or restrict them, in regard to persons under confinement as criminals. This subject is fully considered by Mr. Justice Bosworth in his opinion on the appeal in the Court below, and with his reasoning and conclusion on this, as well as on all the other questions in the case, we entirely concur.

The order appealed from must be affirmed, with costs, and judgment absolute against the Plaintiffs rendered, pursuant to the stipulation served with a notice of appeal.

Affirmed.

All concurred in the result.