Barrett, J.
—The question presented is whether subdivision 7 of section 401 of the Code, enacted in 1862, is broad enough to cover the case of a party to an action, whose affidavit, for the purposes of a motion, is required by his adversary. Section 389 specifically provides that no examination of a party, at the instance of the adverse party, shall be had, except in the manner prescribed in chapter 6 of title 12. That chapter only permits such an examination before or at the trial, or conditionally or up *74 on commission, and clearly for the sole purpose of obtaining testimony to be used upon the actual trial of the action.' Here is an express prohibition of any other manner of examination, and, as a consequence, of any examination for a different purpose. An intention to abrogate or interfere with this prohibition is not to be presumed, unless it is manifestly inconsistent with and repugnant to the amendment. In my judgment, there is no such repugnancy between the provisions in question; and full effect can be given to the amendment, fairly construed, without disturbing the prohibition. It is true that the amendment provides for the taking of the affidavit of “ any person” who shall have refused to make “the same;” but this language, although ordinarily quite comprehensive enough to include a party to the action, as well as a mere witness, must, when read in the light of previous legislation, be considered as possessing but a special and limited signification, and as applicable only to those persons who .may, by existing laws, be subjected to this species of examination. It is to be considered that a party has never been required to make an affidavit, or to testify upon a motion, or other collateral proceeding in the action, in behalf of his adversary. It was not until the passage of chapter 463 of the Laws of 1847 that his testimony, even upon the trial, could be compelled ; and the only remedy had been by bill of discovery. The provisions of the revised statutes, conferring upon the supreme court power to take, by commission, a deposition required for the purposes of a motion (2 Rev. Stat., 554, §§ 24, 25), as well as those of chapter 376 of the Laws of 1840, famishing a simpler and speedier means of obtaining the same end in the superior court of the city of Hew York, and in this court, cover the case of an ordinary witness only. The language used in both acts is “ any witness who shall have refused voluntarily to make his deposition.” It has not. only been 'repeatedly held that neither these provisions nor the act of 1847 authorizes the examination of parties upon a motion, but the courts have gone farther, and have declared that, had they been *75 sufficient to effect such a purpose, then they must be deemed to have been repealed, quoad hoc, by section 389 of the Code (Palmer v. Adams, 22 How. Pr., 375 ; Huelin v. Ridner, 6 Abb. Pr., 19 ; Keeler v. Dusenbury, 1 Duer, 660.)
Thus it will be perceived that while the legislature, in the case of ordinary witnesses, has favored the fullest disclosure of facts, whether directed to the issues or purely collateral, it has been slow to confer upon a party the right to require his adversary to furnish evidence against himself; and by its settled policy has confined that right to an examination upon the issuable facts in the action. The object of the prohibition contained in section 389 undoubtedly was to keep such examinations within proper bounds, and to prevent the abuses likely to arise, in case parties were afforded unlimited facilities for harassing each other by repeated examinations at every fresh step taken or motion made'in the action. It is but reasonable to conclude that, had the intention been to depart from this policy, and to repeal or modify the prohibition, some express notice would have been taken of the latter, or the. inconsistency would have been made apparent by the addition, after the expression “ any person,” of some such plain words as “ or any party to the action.” The real ' object of the amendment was, no doubt, to substitute an expeditious and simple process for the cumbersome and tedious commission so long in vogue in the supreme court, but not to extend its operation over a new and different class of witnesses. The “ person ’ ’ contemplated by the amendment is therefore, in my judgment, the “ witness ” referred to in the revised statutes, and in the act of 1840. Thus construed, no violence is done to the letter or spirit of the amendment, while its harmony with section 389, and with the evidently settled policy of legislation is fully preserved.
The question was not discussed by the learned judge in Fisk v. Chicago, Rock Island & Pacific R. R. Co. (4 Abb. Pr. N. S., 430), and it is evident that the point was but incidentally taken, and was treated as subordinate *76 to the questions respecting the mode of procedure, and production of books and papers.
The motion must, therefore, be granted, but without costs, the question being novel.