CHARLES T. INSLEE, Survivor, etc., Respondent, *v.* ISAAC HAMPTON, Appellant.

*Practice — Counter-claim — Separate action brought therefor.*

A party, except in cases commenced in a Justice's Court, having a demand against another can maintain an action therefor, although at the time an action is pending against him by the same party, wherein he could have set up such demand as a counter-claim.

Appeal by the defendant from a judgment entered in favor of the plaintiff on a trial at the Circuit, under the direction of the justice.

The action was commenced by Napoleon B. Gardner and Charles T. Inslee, as plaintiffs, against Isaac Hampton. Gardner died pending the action, and it was continued in the name of Charles T. Inslee, as survivor of himself and the said Napoleon B. Gardner, and was brought to recover a balance of $367.03 claimed to be due from defendant to plaintiff's firm on the following facts: In October and November, 1868, the defendant consigned to plaintiff's firm a quantity of wool and also butter to be sold on commission, and drew against the same on plaintiff's firm for the sum of $1,850. Afterwards plaintiff's firm sold the property, by the direction and consent of defendant, and after deducting expenses, commissions and advances, the defendant was indebted to plaintiff's firm for such balance. The venue of this action was laid in the city and county of New York.

The defendant commenced an action against plaintiff's firm, laying the venue in Livingston county where he resided, and claiming to recover damages for misconduct and breach of agreement against plaintiff's firm in reference to the sale of certain wool and butter set forth in the complaint in such action. Such damages were claimed to amount to $1,700.

The defendants in that action (plaintiff's firm) answered the complaint, denying the same in toto, and setting up matters of defense merely.

This last action was referred, on a motion to change place of trial, to Hon. James L. Angle, of Rochester, to try and determine.

The defendant's action so referred was tried before said referee first, and on such trial plaintiff's firm established their defense set up in their answer, and plaintiff's complaint therein was dismissed, and judgment on the merits given for plaintiff's firm, with costs.

Afterward, and on October 6th, 1874, the issues in this action were tried before Judge DONOHUE, whereupon the defendant herein interposed a supplemental answer, setting up said judgment upon the referee's report in favor of plaintiff's firm in the action brought by defendant, as a defense to plaintiff's action in this suit.

On the trial plaintiff proved all the allegations in the complaint in this action, and that the balance claimed — $367.03, with interest from July 8, 1869, amounting to $136.35, in all amounting to $503.38 — was due and unpaid.

No objection was taken to any testimony given or offered by plaintiff.

The defendant then offered in evidence the judgment roll in the suit wherein he was plaintiff, tried before said referee, which was objected to as not being proper evidence in this action, and as immaterial, by plaintiff's counsel. The court admitted it. The defendant asked the court to direct a verdict for defendant. The court refused. Defendant excepted, and the court directed a verdict for plaintiff, to which defendant excepted.

From the statement in the appellant's points, it would appear that the action by Hampton was the first brought. From that of the respondent, that the one by Gardner & Inslee was the first.

*H. R. Selden*, for the appellant.

*H. Sheldon*, for the respondent.

BRADY, J.:

The defendant herein commenced an action against the firm of Gardner & Inslee, of which the plaintiff Inslee is the survivor, claiming a sum to be due arising out of shipments of butter and wool to them. They answered, alleging advances upon the property, the sale thereof, and that the proceeds did not amount to enough to pay the advances and expenses. They did not, however,

present the excess in their favor either as a set-off or counter-claim: They also commenced this action, which is founded upon the transactions mentioned, claiming the excess referred to, to be due to them. It does not appear which of these actions was first commenced. The referee, in the defendant's action, reported in favor of the plaintiffs herein, finding, among other things, that Gardner & Inslee duly accounted to and with the defendant for the wool and butter and the proceeds thereof, and all of the same. The defendant herein set up the judgment founded upon these findings of the referee, by supplement to his original answer, in which the pendency of his action was interposed as a defense. There can be no doubt that both actions related to and were predicated of the same transactions. There can be no doubt either that the plaintiff herein and his then existing partner could have litigated the claim herein presented in the defendant's action, and taken judgment for it, if it were allowed, because it was the subject of a counter-claim. They did not adopt that course, and the question presented on this appeal is, whether or not the claim is barred by the omission to do it. It seems to be settled in this State by authority. A defendant is not bound in his answer to set up a demand which, from its nature, is a proper subject of a counter-claim. He may elect to enforce its recovery in a separate action. (*Halsey et al.* v. *Carter*, 1 Duer, 667.) A party having a demand against another may institute an action thereupon, although at the same time an action is pending, brought against him by his debtor, wherein he might set up his demand as a counter-claim. (*Lignot et al.* v. *Redding*, 4 E. D. Smith, 285.) Justice INGRAHAM: "We do not think a party having a claim against another is bound to await the tedious motion of such debtor, if he sees fit to commence a suit and then delay its progress so as to prevent the real creditor from obtaining what is due to him." There is nothing in the Code (§§ 149, 150) requiring the defendant to avail himself of his counter-claim or be precluded from maintaining an action. The preclusion must be confined to the cases specified in the Revised Statutes. (2 R. S., 236, § 57.) *Welch* v. *Hazleton* (14 How. Pr., 97) and these cases, are those commenced in Justices' Courts: *Douglas* v. *Hoag* (1 Johns, 283, per SPENCER, J.); *Lord* v. *Ostrander* (43 Barb., 339). The cases of *Halsey* v. *Carter* and *Welch* v. *Hazleton* (*supra*), are approved in

*Gillespie* v. *Torrance* (25 N. Y., 310). It is not necessary to consider what would be the legal result if the plaintiff and his partner, had pleaded their counter-claim in the defendants' action, because it was not done. They answered by denying the defendants' cause of action and succeeded. For these reasons the judgment must be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.