### No. 1.

DAVID BONNELL, RESPONDENT, *v.* THE ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY APPELLANT.

### No. 2.

### THE SAME *v.* THE SAME.

*Sentence to imprisonment in State prison — effect of on civil rights and liabilities —*
*2 R. S., 701, § 19.*

Where, after the joinder of issue in an action, the plaintiff is sentenced to the State prison for two years, the defendant is entitled to proceed in the action during said term and take a judgment by default, and such judgment will not be set aside as irregular.

*O'Brien* v. *Hagan* (1 Duer, 664) limited.

Where, in such a case, the party against whom a judgment has been recovered has a good cause of action or defense, the court may, after his release, open the default and vacate the judgment, when that can be done without prejudice to the rights of the other party.

*Semble,* that section 19 of 2 Revised Statutes (p. 701), providing that a sentence to imprisonment in a State prison for a term less than life suspends all the civil rights of the person so sentenced, although it deprives him of all rights as plaintiff in an action, does not relieve him from liability as a defendant.

APPEALS by plaintiff, respondent, from orders of the Oswego Special Term setting aside a judgment, in favor of the appellant against the respondent, in each of the above-entitled actions for costs.

The respondent commenced two actions against the appellant, July

16, 1874, to recover a penalty for fifty dollars, under the act of March 27, 1857, and issue was joined therein about August 28, 1874. After the commencement of the actions, the respondent was indicted in Oswego county for false pretences, and was tried and convicted and sentenced to the State prison for the term of two years from December 29, 1874. Afterwards, the appellant noticed said causes for trial at the Oswego Circuit held January 25, 1875, and, at that Circuit, a judgment of dismissal, and for costs in each action, was duly taken against the respondent, by default, while he was in prison.

*Edmund B. Wynn,* for the appellant. The judgments were legal and valid, and the appellant had a right to prosecute the actions during the imprisonment of the respondent. (*Davis* v. *Duffie,* 8 Bosw., 617; *Same* v. *Same,* 3 Keyes, 606; *Phelps* v. *Phelps,* 7 Paige, 150; Hoff. Ch., 109; Barb. Ch., vol. 1, p. 51; *Platner* v. *Sherwood,* 6 Johns. Ch., 118.)

*Andrew McCarty, Jr.,* for the respondent.

SMITH, J.:

The statute provides that a person sentenced to imprisonment in a State prison for life shall be deemed civilly dead (2 R. S., 701, § 20), and that a sentence of such imprisonment for a term less than for life suspends all the civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority or power, during the term of such imprisonment. (Id., § 19.) These provisions undoubtedly deprive a person sentenced to a State prison, either for life or for a term of years, of all rights as a plaintiff in an action, but they do not free him from all liability as a defendant in an action. He does not thereby acquire immunity from the claims of private individuals, or the necessities of public justice. The statute suspends his rights alone, and not the rights of others against him. Though he may not sue he may be sued and the suit may be prosecuted to judgment against him. (*Davis v. Duffie,* 8 Bosw., 619 ; S. C. affd., 3 Keyes, 606.) And in general, he is subject to be proceeded against in all the modes prescribed by law to enforce civil remedies, as if he were at large. (*Morris* v. *Walsh,* 14 Abb., 387.) If the defendant, by reason of his situation, is deprived

of a meritorious defense, the court may, on a proper application after his release, open the default and vacate the judgment, when it can be done without prejudice to the rights of the adverse party. (See *Phelps* v. *Phelps*, 7 Paige, 150.) But the proceedings against him will not be set aside as irregular. (Id.)

The respondent's counsel cites the case of *O'Brien* v. *Hagan* (1 Duer, 664.) In that case, OAKLEY, Ch. J., held at chambers, after consulting some of the other judges, that a sentence to imprisonment in State prison, for a term of years, of the plaintiff in a civil suit pending at the time, had the effect to abate the suit, consequently that no further proceeding could be had therein, until it was properly revived. We do not see how that decision can be reconciled with those already cited, and so far as it is inconsistent with them we think it should not be followed.

Orders appealed from reversed, with ten dollars costs and disbursements in each case.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.