## AS TO VALIDITY OF ORDER FOR INSPECTION OF DOCUMENTS.

Circuit Court of Lucas County.

CHANNING W. RICHARDS, AS RECEIVER OF AETNA FIRE ASSOCIATION OF CINCINNATI, v. HERMAN BUNTE.

Decided, 1908.

*Inspection of Books of a Corporation—Limitations on Authority of Court to Require that Permission to Inspect be Given—Where the Inspection Should be Made—Necessary Findings Upon which to Base an Order for an Inspection—Sections 11552 and 11555.*

1. It is not competent for a court in making an order for inspection of books, papers and documents, to require that they be removed for that purpose to some place other than where they are ordinarily, properly and lawfully kept, and particularly to require that such books and papers be taken to some distant point for inspection.

2. And further, an order requiring the production of books and documents in court at the hearing, raises no presumption of compliance with the statutory requirements (though the journal entry recites that the court "was fully advised in the premises" before making the order) where there is no declaration in the motion or finding by the court that said books and documents contain evidence pertinent to the issue; and in view of the extraordinary character of the order made in the present case, and the fact that it would probably be oppressive, it will be reversed.

*D. L. Beall* and *Patterson A. Reece,* for plaintiff in error.
*E. O. King,* contra.

PARKER, J.; WILDMAN, J., and KINKADE, J., concur.

It appears from the record presented here that the Aetna Fire Association of Cincinnati had become insolvent and that its affairs were being wound up in the Court of Common Pleas of Hamilton County, the residence or situs of the corporation; that in pursuance of these proceedings suit was brought by the receiver against Herman Bunte, to recover certain premiums which it is alleged were due from him to the plaintiff on certain policies issued to him by the company. Herman Bunte answers, defending against this claim on a variety of grounds. The case.

has been in this court before, on error, the error complained of then being the sustaining of a demurrer to the petition and thereupon entering judgment for defendant. The court reversed that judgment of the court of common pleas, and now we have another question presented.

In the court of common pleas the defendant filed a motion for an order requiring the plaintiff to produce certain books and papers upon the trial. The motion started out, after the title, as follows: "Now comes the defendant and moves the court for an order on the plaintiff in this cause requiring him to have and produce at the trial of this cause for the use and benefit of the defendant the following books, paper writings and documents, to-wit:" and then is set forth, in six separate paragraphs, a description and enumeration of the books and papers desired, and it is said upon the hearing, and is not questioned—indeed we think it appears from an inspection of the motion itself— that the books and papers required would be not only numerous and bulky, but that it would require the production of a large part, if not all of the records and papers of this association.

When the matter came on to be heard, the following order was made by the court of common pleas:

"This day the 24th day of April, 1907, this cause came on to be heard upon the motion of the defendant for an order requiring the plaintiff to produce certain books, paper writings and documents in his possession and described in said motion, and to have the same at the trial of this cause for the use and benefit of the plaintiff, and the court having been fully advised in the premises, and having heard the arguments of both parties by their counsel respectively for and against the granting of said motion, find that said motion is well taken, and that said books, paper writings and documents should be subject to the inspection of the defendant and his attorneys in Toledo, Lucas county, Ohio, at least three days prior to the trial of this cause, and should be produced by the plaintiff at the trial of this cause for such use by the defendant as may be proper at the time under the laws of the state of Ohio.

"It is therefore ordered by the court that the plaintiff, Channing W. Richards. as receiver of the Aetna Fire Association of Cincinnati, Ohio, have and produce the books, paper writings and documents described in said motion at some proper and suitable place in the city of Toledo, Lucas county, Ohio, at least

three days before the trial of this cause, for the examination and inspection of the defendant and his attorneys; but it is not ordered that the same shall pass out of the possession of said receiver or his attorneys.

"And it is further ordered that said plaintiff have and produce said books, paper writings and documents on the trial of this cause for such use therein by the defendant as at the time shall be proper under the laws of the state of Ohio.   To each, every and all of said findings, and to each, every and all of said orders of said court, and the granting of said motion, plaintiff then and there duly excepted.    ·

"Plaintiff further excepted to the hearing and granting of said motion, for the reason that notice in writing of the hearing of said motion was not served on plaintiff until April 23d, 1907, and plaintiff was not prepared to argue said motion."

It is said, in argument, that the notice of the motion was served upon local counsel here upon the 23d of May, and the matter was heard upon the 24th, and local counsel had no opportunity to communicate with the chief counsel, who was the only one prepared to represent this matter properly on behalf of the company, before the court.   Complaining of this order and of the action of the court in taking the matter up so speedily after the notice, the plaintiff in error made a motion to have this order set aside, and it appears from the journal under date of the 2d of May, 1907, that that motion was heard upon evidence, and some of the evidence educed is mentioned in the journal entry, but the court then adhered to its former ruling and overruled the motion to set aside.    ·

Under date of the 17th of May, 1907, we have this entry:

"This day this cause came on regularly for trial, and in open court came the defendant and represented unto the court that there had been filed on the 4th day of May, 1907, by the plaintiff in this action a certain declination wherein he refuses to comply with the former orders of this court in regard to the production of certain books and paper writings at the trial of this cause, and that the plaintiff now refuses and wholly fails to produce said books and paper writings in compliance with said order, and the defendant thereupon moved the court to give judgment for the defendant dismissing this action according to the statutes for such cases made and provided.   And the court having heard the arguments of counsel and having been fully advised in the premises

find that said representations are true, and that said motion is well taken, and that the same ought to be and the same hereby is granted.''

Then followed the dismissal. It will be observed that in the first order of the court which I have read, the court went beyond the motion, or the request of the motion; it not only ordered the production of these books and papers at the trial, but it ordered that the plaintiff in error bring these books and papers to some suitable place in the city of Toledo, three days before the trial, and allow the defendant in error to there and then inspect them —which was something not asked for in the motion.

We think it is not competent for the court in ordering an inspection under Section 5290, Revised Statutes, to require a party to remove his books, papers and documents from the place where they are ordinarily, properly and lawfully kept to some other place to permit the opposite party to there inspect them. It would not be competent for a court to require the plaintiff in error in this case to bring all the papers and books up from Cincinnati in order to make it convenient for the opposite party to inspect them here in the city of Toledo. If the right to inspect them existed and were to be enforced, it would devolve upon the defendant in error to go to the place where the records of the company were properly kept and deposited and there make the inspection. But not much is claimed for that part of the order by the defendant in error. It is said that the other part of the order, to-wit, the requirement that the books and papers would be present here upon the hearing was properly made and should have been complied with, and that the court, under Section 5289, R. S., was authorized to do as it did in dismissing the case because that part of the order was not complied with. I have read part of the last journal entry, and what has been said about the declination and refusal that was put on file. Looking to that, we find that the plaintiff in error did not decline to furnish all books and papers required by this order, but that certain books which were in the hands of the receiver and which the receiver had been ordered by the Court of Common Pleas of Hamilton County to keep there, in that county, subject to the inspection of everybody interested in the

company, were the ones which the plaintiff in error declined to produce, giving as his reason that he could not do so; that he was subject to the orders of the Court of Common Pleas of Hamilton County, and that that court had required by its order that he should keep those books there, and what purports to be a copy of the order is set forth in the record here.

But we have no bill of exceptions here, disclosing what evidence was in fact produced upon the hearing of these various matters in the court of common pleas, and, therefore, we must disregard certain affidavits referred to here, and certain journal entries from the Court of Common Pleas of Hamilton County, and must look to that which is strictly a part of the record, without a bill of exceptions. We have, then, the motion, requiring the production of these books and papers, and the order of the court upon such motion. Now it is said in the order that the court was "fully advised in the premises;" it is said. therefore that it should be presumed in support of the order and judgment of the court in this matter, that the court was duly advised by evidence and that it was thereby advised of each and every fact essential to the validity of its order.

In view of the requirements of the statute as to the showing that must be made in order to justify the making of such an order, to-wit, that the writings contain evidence pertinent to the issue; in view of the fact that this motion does not declare that the writings contain evidence pertinent to the issue, and that the court does not find that the writings contain evidence pertinent to the issue, we are of the opinion that we should not go so far as is asked by the defendant in error in the way of indulging presumptions in support of this order. It seems to us like a most extraordinary order under the circumstances, and one likely to be very oppressive, and that we should hold, as we do, that in the absence of any declaration in the motion, in the absence of any showing in the record, in the absence of any finding on the part of the court, that these paper writings contained evidence pertinent to the issue, and in the absence of any clear declaration that the matter was heard upon evidence, or that the court was duly advised—otherwise than by the motion and the arguments of counsel specifically referred to—that this order can not be upheld. It will be reversed.

There are other sections of the statutes than those I have referred to that are *in pari materia,* especially those upon the subject of *discovery,* and under Section 5293—or perhaps it is intended to be under all these sections, but following Section 5293—in Whittaker's Annotated Civil Code, we find a number of decisions referred to, which we have examined and which throw considerable light upon the question as to the *showing* that must be made in order to justify such an order.    They are: 13 Howard, 425; 1 Duer, 660; 25 Howard, 522; 9 Boswell, 595; 26 Howard, 177; 10 Abbott, 340; 7 Hun, 236; 7 Robertson, 77 (30 N. Y. Superior Ct. Rep.).

This section as to the production of documents was under consideration by this court in the case of *John Arbuckle et al* v. *The Woolson Spice Co. et al,* reported in 21 C. C. Reports, at page 347.   By looking at that case counsel will discover that this court was careful to find from the evidence that the documents and papers desired to be produced, or inspected, contained evidence pertinent to the issue; and in the New York Practice Reports to which I have referred, the courts are careful, very careful, upon that point, in order that they may conserve the beneficial purposes for which this statute is intended, and that it may not be used without authority, or oppressively. I shall not take time to read from these authorities, except a paragraph or two.   I read from 7 Hun., 236, *Brooklyn Life Ins. Co.* v. *Nathaniel A. Pierce,* where it is said:

"On a motion for an inspection of papers, the moving affidavit alleged the nature of the action; the fact that several letters had been written to the plaintiff; that they constituted the agreement set up in the answer; that they were material and necessary to the defense, and contained evidence relating to the merits, and that without them defendant could not safely proceed to trial.   *Held,* insufficient.   Facts should be given which will enable the court to determine for itself whether the evidence is material."

And I read a part of the syllabus, only, in the case of *Harriet Merguelle, Administratrix, etc.,* v. *The Continental Bank Note Co. of the City of New York,* 7 Robertson, p. 77:

"An affidavit on which a motion for a discovery of books and papers is made, which merely alleges that there are in the

possession of the defendants various letters, receipts and accounts, in the hand-writing of the moving party, 'containing evidence in relation to the subject of the action,' and 'to the merits of the action' is not sufficient to enable the court to pass upon the question whether the contents of such books and documents are at all material as evidence in regard to any issue in the action. The plaintiff is not entitled to the inspection of all such books, merely to obtain information how, or in reference to what matters to get other evidence.

''Nor is it sufficient that such books may possibly furnish such evidence. The documents must be set forth with sufficient precision to enable the court to determine for itself, whether they ought to be produced, as containing material evidence.''

As I have already pointed out, it is not even declared in the motion here that these papers and documents contain evidence pertaining to the issue, nor is there any such finding by the court, much less is there evidence of a showing that they contain evidence pertinent to the issue.

For the reasons stated, the judgment of the court of common pleas will be reversed and the cause remanded.