Rule accordingly.

---

BACON *against* MAGEE, Manucaptor of DAUTREMONT.

A MOTION having been made at the last August term, in behalf of the defendant, for a perpetual stay of proceedings in this cause, the court suspended their decision till the present term, on proof that the affidavit of one Wilson, of the county of Allegany, would probably be material in resisting the motion; and that there had not been time to procure it intermediate the notice of the motion and the time when it was made.

*The supreme court has no power to compel the making of an affidavit respecting a motion. How evidence may, perhaps be coerced in a non-enumerated matter. Note (a) at the end of this case.*

On now renewing the motion, it appeared by a letter received at a late day in the present term, from the plaintiff's agent in Allegany, to whom two letters had been addressed, requesting him to procure Wilson's affidavit, that he, (W.) declined making any, owing to his alleged fears of Magee, the defendant.

*W. Esleeck*, for the plaintiff, therefore, submitted whether the court would not grant a rule upon Wilson, compelling him to make an affidavit.

*S. Beardsley*, contra, objected that this court has no power to make such a rule.

*Curia.* We are not aware of any precedent for such a rule, though there must have been frequent occasion for it. The uniform course, in relation to those summary applications, has been to trust to voluntary affidavits; and the want of a power to coerce them has often been urged *in argument, without contradiction, as a defect in this kind of proceeding. We do not think that we have power to make the rule applied for.(a)

[*516]

Motion for perpetual stay, &c., granted.

(a) The only means, therefore, under the present practice, to coerce evi-

dence on a non-enumerated matter, would seem to be, to apply to the court for a feigned issue; on the trial of which the witness may be compelled to attend upon subpœna.

Under the N. Y. Code, within three years : "An action against a sheriff, coroner, or constable, upon the liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty; including the non-payment of money collected upon an execution. But this section shall not apply to an action for an escape. An action upon a statute, for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the people of this state, except where the statute imposing it prescribes a different limitation." (N. Y. Code, ch. 3, sec. 72.)