## HUELIN *a.* RIDNER.

*Supreme Court, First District ; Special Term, January,* 1858.

### EXAMINATION OF PARTIES UPON A MOTION.

The Code does not authorize the examination of a party to the action except as a witness at the trial of the issue in the action, or upon commission, his testimony to be read on the trial.

An order for the examination of a party to the action in a motion preliminary or collateral to the issue,—*e. g.* a motion to vacate an order of arrest,—should not be granted.

Motion for a commission.

The plaintiffs having obtained an order of arrest, an attachment, and an injunction in this action, the defendants moved, upon affidavits, to vacate those orders. Before the motion was brought on, and before issue joined in the action, the plaintiffs moved for a commission to examine two of the defendants as witnesses, their testimony to be used upon the motion to vacate, and for an order requiring the same defendants to appear and be examined, under sections 390 and 391 of the Code.

*J. S. McCulloh,* for the motion.

*Henry Nicoll* and *James Eschwege,* opposed.

SUTHERLAND, J.—I think the examination of a party, either at the trial, or conditionally, or upon commission, or at any time before trial, under sections 390 and 391 of the Code, must be as to matters pertinent, or supposed to be pertinent, *to the trial of the action,* and that those sections of the Code do not authorize the examination of the adverse party, in a motion to vacate an order of arrest, or any other mere motion preliminary or collateral to the issue.

By section 389 of the Code, no examination of a party shall be allowed or be had on behalf of the adverse party, except in the manner prescribed in the Code. By the subsequent sections he can be so examined *as a witness only.*

I do not think that one who is examined merely as to matters

controverted in a motion to vacate an order of arrest, or whose examination is used only in such motion, can be called as a witness.

It follows that the plaintiff is not entitled either to an order or a commission to examine the defendants Ridner & Wachschlager merely in opposition to the defendants' motion to vacate the order of arrest.

Motion denied.

---

## WATERBURY *a.* SINCLAIR.

*Supreme Court, Second District; Special Term, Nov.,* 1857.

PROMISSORY NOTE.—LIABILITY OF INDORSER TO PAYEE.—
PLEADING.

One who indorses a negotiable promissory note payable to the order of the payee, before its delivery to the payee, for the purpose of obtaining credit with the payee for the maker by such indorsement, is liable as indorser, upon due notice of presentment to the maker, and non-payment.[*]

---

[*] The objection to the payee's recovering from such an indorser, is founded on the rule that forbids the admission of parol evidence to modify or contradict a written contract. There are two cases in which he can recover, unless this rule is held to interpose : *First,* where the payee parted with value on the faith of such an indorsement made for the purpose. *Second,* where the indorsee received value from the payee, or, in other words, was privy to the consideration of the note.

Moore *v.* Cross (23 *Barb.,* 534), where a recovery was had, was a case of the latter class. See the complaint in that case, *Abbotts' Forms of Pleadings,* 146. The above case was of the former class.

Morris *v.* Walker (15 *Q. B.,* 589, decided in 1850), was a case of the same nature. The declaration, by O. M., stated that B. made his promissory note for £23, payable " to the order of O. M." three months after date, and delivered it to " the said O. M.," and the said O. M. indorsed to the defendant, and the defendant indorsed to the plaintiff; it stated also dishonor and notice. Plea : That O. M., stated in the declaration to have indorsed to the defendant, and O. M. the plaintiff, are one and the same person. Replication : That before the indorsement, &c., B. was indebted to plaintiff in £23 ; and it was agreed between plaintiff and B., at B.'s request, he being unable to pay, that he should give plaintiff, who would accept and take on account of such debt B.'s note for £23, payable at three months, which time plaintiff should give for payment provided B. would procure the defendant to indorse the note for the purpose of securing payment and by way of guarantee ; of which premises the defendant had notice, and assented and agreed