## SUPREME COURT.

GEORGE W. STAKE agt. CHARLES ANDRE and others.

There is no authority in the Revised Statutes or the Code, for a *commission* to examine a party to an action, for the purpose of procuring his testimony to be used on a *special motion.* All the provisions of the statutes, in reference to the examination of parties, relate to evidence to be used on the *trial* or *hearing*, and not to proof on interlocutory motions.

*New-York Special Term, November,* 1859.

MOTION to set aside an order, and commission granted under it.

> F. L. STALLKNECHT *and* THOS. C. T. BUCKLEY, *for the motion.*
> D. DUDLEY FIELD *and* RICE & HILL, *opposed.*

T. R. STRONG, Justice. The plaintiff, having a judgment against the defendants, has given notice of a motion to set aside a prior judgment against the defendants in favor of another person, and the court, upon an *ex parte* application of the plaintiff in the prior judgment, founded upon an affidavit, has granted an order for a commission to take the testimony

of the moving party in the motion, to be used on the hearing, under which a commission has been issued. It is now asked that the order and commission be set aside as unauthorized.

The Revised Statutes of 1830 (*Vol.* 2, *p.* 554, §§ 24, 25) contain provisions for compelling a witness, who refuses to make an affidavit, of facts known to him, material in a motion or other proceeding in this court, for the purpose thereof, to give testimony before a commissioner appointed by the court, to be used on the motion or other proceeding; but I am satisfied they do not warrant the order in question. At the time the provisions became a law, neither party to an action could be examined as a witness, and there is nothing in the statute manifesting an intention to change the law in that respect.

Besides, parties are usually designated by that term, and the word witness ordinarily imports a person not a party.

If the legislature had intended to compel a party to an action to be examined, their intention would, doubtless, have been expressed so clearly as to admit of no mistake.

In 1847, page 630 of the laws of that year, a law was passed for the examination of parties, in civil suits and proceedings, as witnesses, but the language used clearly shows that the law relates to evidence to be used on the trial or hearing, and not to proofs on interlocutory motions.

The examination was to be at the trial or hearing of the suit or proceeding.

The Code subsequently passed provides that no examination of a party shall be had on behalf of the adverse party, except in the manner therein prescribed (§ 389).

All the other provisions on the subject refer only to evidence upon the issues formed in actions. There is not only no provision in the Code, whereby a party to an action can be compelled to testify, on a special motion therein; but such compulsory examination appears to be within the spirit, at least of the prohibition mentioned: (*See Henlin* agt. *Reeder,* 6 *Abbott,* 19; *Keeler* agt. *Dusenberry,* 1 *Duer,* 660.)

And if the Revised Statutes, or the act of 1847, were in

conflict with that prohibition to any extent, they would, thus far, be repealed by it. (*See Bacon* agt. *Magee,* 7 *Cowen,* 515, *and note to that case.*)

I know of no other ground on which the order in question can stand, and, if the views stated are correct, it follows that the motion must be granted.

