## NEW YORK COMMON PLEAS.

### STEPHEN T. CLARK agt. JAMES BROOKS and others.

Under the act of 1840, the examination to obtain the deposition of an involuntary witness, on a motion in this court, must be taken before a *judge;* by the 401st section of the Code, as amended in 1862, such examination may be taken before a *referee.* The Code merely confers on the court an *additional power* to send the witness before a referee; but does not repeal or modify the act of 1840.

The Revised Statutes expressly authorize courts of record to punish *for contempt* "all persons summoned as witnesses, for refusing or neglecting to obey such summons, or to attend or be sworn or answer as such witness." And where the witness who attends before the court in pursuance of such mandate, and is *duly sworn,* the court has power to require him to *answer* proper questions, on pain of contempt, whether the *examination is conducted by the judge personally,* or by counsel in his presence.

*New York Special Term, January,* 1864.

MOTION by plaintiff for an attachment for contempt against a witness called on the part of the plaintiff, for refusing to testify in an action.

HENRY A. CRAM, *for motion.*
JOHN McKEON, *opposed.*

CARDOZO, J.    I have examined, as carefully as possible, within the brief interval since the argument yesterday, the questions arising in this matter, and will proceed, though necessarily hastily and imperfectly, to express the results of my reflections.

I see no reason to hold that the Code (§ 401), as amended in 1862, repeals the act of 1840.   It seems to me that the object of the Code was to confer on the court an additional power, which, without that section, it would not possess, to send the witness before a referee instead of having the examination conducted before a judge.

Under the act of 1840, the examination must be before the judge ; by the Code, as amended, it might be taken before a referee.

The act of 1840 provides that when a motion is pending in this court, and the deposition of a witness who refuses to give it voluntarily, becomes requisite, the court may issue a summons requiring the witness to attend before one of the judges and make his deposition, and obedience to such summons may be enforced as in case of a subpœna issued by the court.

It is claimed by the respondent's counsel that I have no power except to enforce the attendance of the witness ; and that the witness, having attended and been sworn, no matter what his subsequent conduct may be, I have no power to punish him.   If this be so, the power conferred is a mere shadow, without a particle of substance.   Indeed, practically, the statute would be inoperative, at least so far as any beneficial result to be attained is concerned. The witness in every case would only have to attend, be sworn, and then defy the court.   I think this cannot have been the intention of the legislature, and is not a sound exposition of the statute.   How can the judge be said to enforce obedience to a summons requiring the witness to attend before him, and not only to attend before him, but to make his deposition, if his power is exhausted the moment

the witness appears. It is obedience to "such summons," *i. e.*, a summons requiring the witness to attend and make his deposition, which the judge is authorized to enforce as in case of a subpœna issued by the court. The moment the witness appears and is sworn, all the duties of a witness rest upon him, and all the powers of the judge over any witness come into existence.

Without entering upon an examination of the power of the court, independent of the Revised Statutes, it is sufficient to say that courts of record are by the statute expressly authorized to punish for contempt " all persons summoned as witnesses for refusing or neglecting to obey such summons, or to attend or be sworn or answer as such witness."

Mr. Hobson attended before me, and being duly sworn, proceeded to be examined in open court.

It was not necessary that I should personally conduct the examination. (*McDonald* agt. *Garrison*, 18 *How. P. R. p.* 249.) Several questions were put to him, each of which he refused to answer.

It is objected now that the witness should have been specifically directed by the court to answer some particular question addressed to him. Whatever may be the practice in that behalf, I do not regard that form as necessary as a jurisdictional matter. No doubt, where the refusal arose simply from a belief that a particular question was objectionable, that course would and should, as matter of practice, be adopted. But where, as in this case, the object of the refusal was to test the question of the power of the court—where the counsel for the witness had declared, in open court, that with a view of raising the question whether the act of 1840 was still in force, he would advise the witness to refuse to answer; of which, as it occurred before me, in open court, I may certainly take notice—it would seem that to have taken the course now insisted upon, although doubtless a very proper and dis-

creet practice, would have been a very useless formula at least.

But, while I think the witness was bound to answer, and is amenable to the court for any willful refusal to testify, it appears that his refusal was based upon the advice of respectable counsel that he was not bound to answer— advice which, I have not the slightest reason to doubt, was given in good faith. I am unwilling that Mr. Hobson should be punished, because his counsel mistook the law. Under the circumstances, therefore, I will make an order that the witness attend forthwith and be examined, and that, in case he refuses so to do, on being served with a copy of the order, or in case he refuses to answer any proper question, an attachment issue.