## N. Y. SUPERIOR COURT.

### WILLIAM MOSES, plaintiff agt. GEORGE W. BANKER and others, defendants.

In granting an order to compel a party to make an *affidavit* to be used on a motion, under section 401 of the Code, the judge must be satisfied by competent and sufficient proof, *First*. That the party applying for it intends to make or oppose a motion; and *Second*. That it is necessary for him in making or opposing such motion to have the deposition of some person who refuses to make a voluntary affidavit.

It is usual to take the affidavit of the attorney applying for the order, as competent and sufficient proof of these matters.

But where it appears from the affidavit upon such application, that the motion intended is merely to make an *answer more definite and certain;* or that the person whose depostion is required *is incompetent;* or that the real object of the applicant is, under the guise of a motion, to *obtain an examination* which he otherwise could not get, the court is bound to refuse the order.

Such an *ex parte* order affects the right of the opposite party, which authorizes him to move to set it aside, as he has a *right to attend on the examination* with his counsel and to cross-examine; and besides such attendance subjects him to trouble and expense.

The order in this case set aside, on the ground that it appeared from the pleadings and papers, that it was not intended for the legitimate purpose of obtaining depositions to be used on a motion, but *for some other purpose;* such perhaps as enabling the plaintiff to ascertain what line of proof it will be necessary for him to prepare to meet on the trial.

Besides, the plaintiff had waited before making his application, until his cause had been twice called for trial, and it could have been tried on its merits sooner than the *motion* could have been determined.

*Special Term, February,* 1867.

HAMILTON ODELL, *for motion.*
NATHANIEL NILES, *opposed.*

JONES, J.    The complaint alleges that defendants are co-partners; that plaintiff sold and delivered to them as such co-partners, certain goods of the value of $1,127.57, and

that defendants have not paid said. sum; and then demands judgment for the said sum.

The answer denies the sale and delivery; also denies that plaintiff at the time of the alleged sale and delivery was the owner; and alleges at that time the goods were the property of one Wm. K. Van Bukkelin, for whose benefit the answer alleges the suit is posecuted.

The issue was joined in August, 1866.

The cause was reached for trial on the 18th day of Janu ary, 1867, and neither party being ready, it was set down for the 24th of January, 1867. On that day it was again called for trial, and neither party being yet ready, it went off for the term.

On the 31st of January, 1867, plaintiff procured an *ex parte* order appointing a referee to take the depositions of various persons, and among them one of the defendants, to be used on a motion.

This order was made upon an affidavit sworn to by plaintiff's attorney, in which it is merely stated that the action is brought to recover for goods sold and delivered.by plaintiff to defendants; that the deponent intends to make a motion to strike out the answer as sham, or to compel the defendants to make the answer more specific and definite; that the deponent deems it necessary to have the affidavits of certain persons named to use on the motion, and that he has applied to them to make affidavits, but they have refused.

The defendants' attorney now moves to set aside the *ex parte* order of January 31st, and reads the pleadings in the action and his affidavit, by which the issues joined, and the various proceedings in the action, as above set forth, are now for the first time presented to the notice of the court.

In opposition to the motion to set aside, plaintiff's attorney reads an affidavit sworn to by himself, setting forth that since the cause was reached on the calendar, facts have come to his knowledge which lead him to believe that the answer is sham,

and was put in with intent to delay, and ultimately defeat the collection of plaintiff's claim.

Section 401 of the Code provides, that " when any party intends to make or oppose a motion in any court of record, and it shall be necessary for him to have the affidavit of any. person who shall have refused to make the same, said court may, by order, appoint a referee to take the affidavit or deposition of such person."

The order of January the 31st, was obtained under this section.

To authorize the granting of an order under this section, the judge who grants it must be satisfied by competent and sufficient proof, first, that the party applying for it intends to make or oppose a motion; and second, that it is necessary for him in making or opposing such motion, to have the deposition of some person who refuses to make a voluntary affidavit.

It is usual to take the affidavit of the attorney applying for the order, as competent and sufficient proof of these matters. But if on the face of such affidavit, it appeared either that there was no intention of making or opposing a motion, or that the deposition desired was not necessary, or that the court had no power to order the party whose deposition was desired, to make it, then without doubt the court would be bound to refuse the order. Thus, if such affidavit showed that the motion intended was merely to make an answer more definite and certain, as such motion is to be determined on the pleadings alone, no deposition of a witness could possibly be necessary; or if it appeared by such affidavit that the person whose deposition was required was incompetent, the court would have no authority under section 401, to authorize his examination; or if although the attorney in such affidavit, swears generally that he intends to make a motion, and that he desires the deposition of a particular person for such motion, it yet appears from other facts set forth in his affidavit, that his real object is, under the guise of a

motion, to obtain an examination which he otherwise could not get; in all these cases, and perhaps others which do not now occur to me, the court would be bound to refuse the order.

It may be urged that the order does not affect any right of the opposite party, and that, therefore, after it is made the opposite party has no right to move to vacate it on the ground that it appears on the face of the papers on which it is founded that it should not have been granted, and much less on the ground that on facts which do not appear on the face of the papers, it should not have been granted.

I think the order does affect the right of the opposite party. He has a right to attend on the examination with his counsel, and to cross-examine, as has been recently held by the general term of this court. Such attendance subjects him to trouble and expense, and this gives him a sufficient interest to entitle him to move to vacate the order. Such motions, however, are not to be encouraged, and should be granted only in cases when it clearly appears that the order is unauthorized, or that a legitimate use of the powers of the court is not the object for which the order was obtained.

In this case it seems to me, speaking from the papers, that this order is not intended for the legitimate purpose of obtaining depositions to be used on a motion, but for some other purpose, such perhaps as enabling the plaintiff to ascertain what line of proof it will be necessary for him to prepare to meet on the trial, or perhaps to ascertain whether it would be safe for him to call these persons as witnesses on the trial.

The issues raised by the answer are as to whether the plaintiff sold and delivered the goods in question to defendants, and as to whether he owned the goods, and as to whether this action is brought for his benefit.

Surely the plaintiff when this action was commenced, must have known whether he owned the goods or not, and must have been possessed of the requisite proof to sustain these facts. When the answer was sworn to, he must have known

that in these particulars it was false.   It could not have been·. necessary for him to wait five months to find out whether it was false in these particulars, nor to ascertain whether he had proof enough to establish his own ownership and right to commence the action for his own benefit.   But although he might be able to show the falsity of the answer in this respect, yet he could not succeed in a motion to strike out the answer as false, unless he could show that the issue raised as to whether the goods were sold and delivered to the defendants was also false.

If this sale and delivery had been conducted in the manner in which sales and deliveries of goods are ordinarily conducted, and no serious question had been involved, there can be no doubt that plaintiff immediately on the coming in of the answer would have known its falsity, and taken measures to speedily procure a judgment on the ground of its falsity, and not have waited five months, allowed two chances for trying his case to pass by unheeded, and then for the first time only six days after he had neglected an opportunity to try his case, endeavor to obtain a judgment on motion.

There is a class of cases in which upon all the facts and law applicable thereto, there is grave doubt as to whom the sale was made.

In that class of cases, a motion to strike out an answer as false is manifestly improper, and it cannot be conceived that counsel could seriously entertain an idea of making such a motion.

The facts that appear before me, indicate that this action falls within this class of cases.   On no other supposition can the plaintiff's delay in making the motion, and his neglect to take advantage of two opportunities to try his case, be accounted for.

But there is another ground which seems to me to be conclusive against the plaintiff. ·

The object of a motion to strike out an answer as false, is to obtain a speedy judgment, without being subjected to the

delay of waiting for the cause to be reached for trial. It is incredible that that object should actuate a plaintiff who has waited before making his motion until his cause had been twice called for trial; and especially is it incredible, where, as in this case, the action could have been tried on its merits as soon if not sooner than the motion could have been determined.

For these reasons I am clearly of the opinion that the order in question was not obtained for the legitimate purpose of procuring testimony to be used on a motion, and that consequently the order should be vacated.

Motion granted without costs.