JAMES B. HODGSKIN *et al.* *v.* ATLANTIC AND PACIFIC RAILROAD COMPANY *et al.*

Subdivision 7 of section 401 of the Code of Procedure, providing that a referee may be appointed by order to take the affidavit of " any person" to be used upon a motion, who shall have refused to make it, does not apply to a party to the action. The case of *Fisk* v. *Chicago, Rock Island & Pacific R. R. Co.*, 3 Abb. Pr. N. S. 430, disapproved on this point.

APPEAL by the plaintiffs from an order made at Special Term by Barrett, J., setting aside an order appointing a referee to take the affidavits of two of the defendants to be used upon a motion.

On setting aside the order, the judge delivered the following opinion :

BARRETT, J.—The question presented is whether subdivision 7 of section 401 of the Code, enacted in 1862, is broad enough to cover the case of a party to an action whose affidavit for the purposes of a motion is required by his adversary. Section 389 specifically provides that no examination of a party at the instance of an adverse party shall be had except in the manner prescribed in chapter 6 of title 12.

That chapter only permits such an examination before or at the trial, or conditionally, or upon commission, and clearly for the sole purpose of obtaining testimony to be used upon the actual trial of the action.

Here is an express prohibition of any other manner of examination, and, as a consequence, for any examination for a different purpose.

An intention to abrogate or interfere with this prohibition is not to be presumed, unless it is manifestly inconsistent with and

repugnant to the amendment. In my judgment, there is no such repugnancy between the provisions in question; and full effect can be given to the amendment fairly construed without disturbing the prohibition. It is true that the amendment provides for the taking of the affidavit of " *any person* " who shall have refused to make " the same; " but the language, although ordinarily quite comprehensive enough to include a party to the action as well as a mere witness, must, when read in the light of previous legislation, be considered as possessing but a special and limited signification, and as applicable only to those persons who may by existing laws be subjected to this species of examination.

It is to be considered that a party has never been required to make an affidavit or to testify upon a motion or other collateral proceeding in the action in behalf of his adversary.

It was not until the passage of chapter 462 of the Laws of 1847 that his testimony even upon the trial could be compelled; and the only remedy had been by bill of discovery.

The provisions of the Revised Statutes conferring upon the Supreme Court power to take by commission a deposition required for the purpose of a motion (2 Rev. Stat. 554, §§ 24, 25), as well as those of chapter 276 of the Laws of 1840, furnishing a simpler and speedier means of obtaining the same end, in the Superior Court of the city of New York and in this court, cover the case of an ordinary witness only.

The language used in both acts is, " Any witness who shall have refused voluntarily to make his deposition."

It has not only been repeatedly held that neither these provisions nor the act of 1847 authorizes the examination of parties upon a motion; but the courts have gone further, and have declared that, had they been sufficient to effect such a purpose, then they must be deemed to have been repealed *quoad hoc* by section 389 of the Code (*Palmer* v. *Adams*, 22 How. Pr. 375; *Huelin* v. *Ridner*, 6 Abb. Pr. 19; *Keeler* v. *Dusenbury*, 1 Duer, 660).

Thus it will be perceived that while the legislature, in the case of ordinary witnesses, has favored the fullest disclosure of facts, whether directed to the issues or purely collateral, it has

been slow to confer upon a party the right to require his adversary to furnish evidence against himself; and by its settled policy has confined that right to an examination upon the issuable facts in the action.

The object of the prohibition contained in section 389 undoubtedly was to keep such examinations within proper bounds and to prevent the abuses likely to arise in case parties were afforded unlimited facilities for harrassing each other by repeated examinations at every fresh step taken or motion made in the action. It is but reasonable to conclude that, had the intention been to depart from this policy, and to repeal or modify the prohibition, some express notice would have been taken of the latter, or the inconsistency would have been made apparent by the addition, after the expression " any person," of some such plain words as, " or any party to the action."

The real object of the amendment was no doubt to substitute an expediate and simple process for the cumbersome and tedious commission so long in vogue in the Supreme Court, but not to extend its operation over a new and different class of witnesses.

The " person " contemplated by the amendment is, therefore, in my judgment, the " witness " referred to in the Revised Statutes and in the Act of 1840.

Thus construed, no violence is done to the letter or spirit of the amendment, while its harmony with section 389 and with the evidently settled policy of legislation, is fully preserved.

The question was not discussed by the learned judge in *Fisk* v. *Chicago, Rock Island & Pacific R. R. Co.* (4 Abb. Pr. N. S. 430), and it is evident that the point was but incidentally taken, and was treated as subordinate to the questions respecting the mode of procedure and production of books and papers.

The motion must, therefore, be granted, but without costs, the question being novel.

From the order entered on this decision, the plaintiffs appealed to the General Term.

*Charles Wehle,* for appellants.

*Joseph H. Choate,* for respondents.

Hodgskin v. Atlantic and Pacific Railroad Company.

By the Court.—Daly, F. J.—The motion was properly granted.

1. Because the party was required to make an affidavit prepared for him by the adverse party, which he swears he could not make.

This is of itself sufficient, but I think in addition,

2. That the section 401, subd. 7, providing that a referee may be appointed by order to take the affidavit of " any person," to be used upon a motion, who shall have refused to make it, does not apply to a party to the action; for the reason that § 389 declares that no examination of a party shall be allowed on behalf of an adverse party, except as prescribed by chapter vi, which provides only for his examination the same as any other witness at the trial, or conditionally, or upon commission; or, before trial, upon five days' notice and for good cause shown, before a judge of the court or a county judge; which latter provision I have always regarded as intended to be a summary substitute in place of the former action for the discovery of evidence, which is abolished by this chapter. In *Fisk* v. *The Pacific &c. R. R. Co.* (3 Abb. N. S. 430), it was held that a party to an action as well as any other witness, may be obliged to make an affidavit under the seventh subdivision of § 401; but the judge in that case, owing to the brief interval between the argument and the decision and the other judicial demands upon his time, was merely able to state, in general terms, his conclusion, and whether he had or had not considered the provision of § 389, does not appear. Subdivision 7 of § 401 was added by amendment in 1862, for the obvious purpose of giving the court the power to order the affidavit in such cases to be made before a referee (*Clark* v. *Brooks*, 26 How. Pr. 254), as this court and the Supreme and the Superior Court, had already the power under the Revised Statutes and by special acts, to compel an affidavit in such cases (Laws of 1840, p. 223; 2 Rev. Stat. 554, § 24). Under these statutes " any witness " could be compelled to make his affidavit or deposition, and after the passage of the law of 1847, allowing parties to be examined as witnesses, it was held in *Stake* v. *Andre* (9 Abb. R. 420), in view of the subsequent enactment of § 389 in the Code, that

parties were not witnesses within the meaning of the Act of 1840 or of the provision in the Revised Statutes before referred to, and that an affidavit from these could not be compelled, to be used upon a motion. " Parties," said the court, in this case, " are usually designated by that term, and the word witness ordinarily imports a person not a party; " adding the further observation, that " if the legislature had intended to compel a party to an action to be so examined, their intention would doubtless have been expressed so clearly as to admit of no mistake."

The amendatory section of 1862, § 401, subd. 7, uses the words "any person," but it would be going very far to hold that the use of these words repealed the positive provision of chapter vi, that the examination of a party should not be allowed except as provided for in that chapter. The statutory provisions making parties witnesses, is in restraint of the common law, and are not to be carried beyond what is clearly and unmistakably expressed; the rule being the one laid down in Dwarris, that it is not to be presumed that the legislature intended to make any innovation upon the common law further than the case absolutely required; that the inference must be that they did not intend to make any alteration other than what was specified and *plainly pronounced ;* for if they had, it is to be expected naturally, that they would have expressed it (Dwarris on Statutes, p. 695). As the legislature did not, in enacting subdivision 7 in § 401, repeal in express terms the prior provision in § 398; both sections must be taken together, and that construction given which will harmonize the one with the other. This is done by holding, that the words " any person," in the later enactment, means any person other than a party to the suit;—that in this respect the law was intended to be left as it was previously when parties could be examined as witnesses in the manner provided for by chapter vi, and that what was simply intended by the enactment was to allow such affidavits or depositions to be taken before a referee as well as before a judge of the court or by a commission.

The order must be affirmed.