Cockey agt. Hurd.

## N. Y. SUPERIOR COURT.

ELIZABETH A. COCKEY *et al.*, plaintiffs and appellants, agt. FREDERICK N. HURD, defendant and respondent.

The *power* of the court, under section 401 of the Code, to appoint a referee to take the affidavit or deposition of a *party* for the purposes of a motion, is ample and sufficient.

But the papers on such an application must disclose the necessity for it, by a statement of facts and circumstances which, in the discretion of the court, will authorize the appointment of the referee.

*General Term, February,* 1873.

*Before* BARBOUR, *C. J., and* FREEDMAN, SEDGWICK *and* VAN VORST, *JJ.*

APPEAL from order setting aside an order of reference to take defendant's affidavit, under section 401 of the Code.

S. B. BROWNELL & JOHN McDONALD, *for appellants.*

CHARLES C. BIGELOW, *for respondent.*

*By the court,* FREEDMAN, *J.*—The sole question argued on this appeal was as to the power of the court to appoint a referee to take the affidavit or deposition of a party for the purposes of a motion.

Prior to the Revised Statutes the courts possessed no power to compel the making of an affidavit to be read on a non-enumerated motion, and the practice was either to trust to voluntary affidavits or to award a feigned issue (*Bacon* v. *Magee,* 7 *Cow.,* 515, *and note*).

In the revision of the statutes made in 1830 this defect was pointed out by the revisers, and, pursuant to their suggestion,

Cockey agt. Hurd.

a statute was passed, by which it was provided that whenever
there shall be a motion or other proceeding in the supreme
court, in which it shall be necessary for either party to have
the deposition of any witness who shall have refused volun-
tarily to make his deposition, the court may direct a commis-
sion to be issued to one or more persons, inhabitants of the
county in which such witness resides, to take his testimony.
And such witness could be subpenaed to attend and testify
before such commissioners in the same manner as before
referees, and with the like effect; and obedience to such sub-
pena was enforced in the same manner (1 *R. S.*, 554,
§§ 24, 25).

In 1840 another act was passed, by which it was enacted
that whenever there shall be a motion or proceeding pending
in the superior court of the city of New York, in which it
shall be necessary for either party to have the deposition of
any witness who may be within the jurisdiction of said
court, and who shall have refused to make his deposition
voluntarily, the court may issue a summons requiring said
witness to attend before a judge thereof to make his said
deposition, and that obedience to such summons may be
enforced as in case of a subpena issued by said court. This
statute was also made applicable to the court of common
pleas (*Laws* 1840, *chap.* 276, § 3).

By chapter 462 of the laws of 1847, which is entitled
"An act to authorize parties in civil suits, at their election, to
obtain the testimony of the adverse party," it was further
provided that any party in any civil suit or proceeding, either
in law or in equity, may require any adverse party to give
testimony, under oath, in the same manner as any other com-
petent witness, either orally upon the trial, or under a com-
mission, or conditionally, or for the purpose of having his
testimony perpetuated.

The Code abolished the action to obtain discovery, under
oath, in aid of the prosecution or defense of another action
(§ 389), and substituted therefor the examination of a party

as a witness on behalf of the adverse party; so that under it a party may examine his adversary as a witness, in the same manner as any other witness, either at the trial, conditionally or upon commission (§ 390), and the examination, instead of being had at the trial, may even be had at any time before trial, at the option of the party claiming it (§ 391). The examination, when thus taken before trial, is to be filed in the same manner as the examination of a witness taken *de bene esse* is required to be filed, and may thereupon be read by either party on the trial (§ 392).

The Code, as originally enacted, also provided that no person offered as a witness should be excluded by reason of his interest in the event of the action (§ 351 *of* 1848). But the legislature did not stop here; and by the amendments of the Code in 1857 a party, except in a few specified cases, was made a competent witness for himself.

Notwithstanding these progressive changes in the law, the courts held, up to February, 1862, that no power existed to compel a party to make an affidavit to be read on a motion; and this ruling was invariably justified by the supposed prohibitory language of section 389 of the Code, which was and still is to the effect that no examination of a party shall be had, on behalf of the adverse party, except in the manner prescribed in the chapter to which said section belongs (*Huelin* agt. *Ridner*, 6 *Abb.*, 19; *Palmer* agt. *Adams*, 22 *How.*, 375).

The legislature thereupon passed the seventh subdivision of section 401 of the Code, which is as follows:

"When any party intends to make or oppose a motion in any court of record, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person. Such person may be subpenaed and compelled to attend and make an affidavit before such referee, the same as before a referee to whom it is referred to try an issue; and the fee of such referee for such service shall be three dollars per day."

Since that time this court has assumed that the enactment of this subdivision had cured the defect, and has acted accordingly (*Moses* agt. *Banker*, 7 *Rob.*, 131); and in *Fisk* agt. *The Chicago, Rock Island and Pacific R. R. Co.* (3 *Abb. N. S.*, 430) the supreme court, at special term, so held. The court of common pleas, however, expressed a contrary opinion in *Hodgkins* agt. *The Atlantic and Pacific R. R. Co.* (5 *Abb. N. S.*, 73); and that case and the one now before us are the only instances in which the power of the court to order the examination of a party in the manner last referred to has been questioned.

After a careful examination of the question we have no doubt as to the existence of the power. The former statutes contain the word "witness;" and in them, as well as in the chapters of the Code that relate to the competency and examination of parties and witnesses, the obvious distinction between a party and a witness is carefully preserved. The said seventh subdivision of section 401, on the other hand, uses the word "person," which, according to the lexicographers, includes every living human being. Lord Denman's act for improving the law of evidence, passed August 22d, 1843, enacts: "No person offered as a witness shall hereafter be excluded by reason of crime or interest; * * * but every person so offered may be admitted, * * * provided that this act shall not render competent any party to any suit," &c. &c.; thus showing that the word "person" does include a party unless expressly excepted. The same express exception will be found in many of our statutes, whenever a party is intended to be excepted (*see, particularly*, §§ 398 *and* 399 *of the Code*). Now, as prior to the enactment of the said seventh subdivision, the courts did possess the power to compel the examination of any person competent as a witness, with the single exception of a party, and no exception in favor of a party is made therein; and inasmuch as the law-making power must be presumed to have intended something by its passage, the logical conclusion seems to be that parties

as well as witnesses were intended to be covered by that pro-
vision. This will still more clearly appear when it is con-
sidered that, under the former practice, the affidavit of a
party was admissible even before the statute of 1840, in the
party's own behalf, in most if not all matters heard and
determined on affidavits, and could be read against him after
it had been made; and that the decree awarding a feigned
issue frequently directed, among other things, that the plain-
tiff or the defendant should attend to be examined (*Graham's
Pr.*, 496). For these reasons, and the further one that the
history and course of the legislation of this state plainly
shows that it has at all times been the settled policy of the
legislature, as the representative of the progressive power of
the state, to extend the right of the examination of parties
as to matters connected with the issues as well as to such as
arise upon collateral inquiries (*see Winston* agt. *English*, 44
*How.*, 398), we can come to no other conclusion than the one
above indicated. The explanation as to the real object of
the amendment which Mr. Justice BARRETT attempted to
give in 5 *Abb. N. S.*, 75, namely, that it was intended thereby
to substitute an expeditious and simple process for the cum-
bersome and tedious commission so long in vogue in the
supreme court, rests upon too narrow grounds. Other courts
did possess an expeditious process by simple summons; and
the said seventh subdivision is made applicable in express
terms to *all* the courts of record in the state. Surely no valid
reason can be perceived, upon grounds of public policy, why
a party who asks a favor from the court upon his own affida-
vit should not be called upon by his adversary, in case of
necessity, to make to the court explanatory or qualifying
statements consistent with the truth.

Section 389 of the Code stands no longer in the way, if it
ever did. There is no such repugnancy between this section
and the said seventh subdivision as calls for a restricted inter-
pretation of the word "person," contained in the latter. The
prohibition contained in the first relates to an examination

Cockey agt. Hurd.

upon the merits of the action, to an examination to procure evidence as to issuable facts; while the said seventh subdivision relates to the taking of an affidavit or deposition to be used on a motion, and, consequently, to an examination upon collateral questions arising during the progress of the suit. Besides that, the seventh subdivision referred to was enacted long after the 389th section, and, in case of conflict, would operate as a modification *pro tanto*. Section 389 was enacted to do away with bills of discovery in aid of actions pending; and it was for that reason provided that no examination of a party should be had, except in the cases, for the purposes, upon the conditions and with the consequences specified in the succeeding sections of the same chapter. But the examination thereupon substituted relates solely to the issues; and, when thus construed, there is no conflict between the 389th and the 401st sections of the Code.

We are, therefore, clearly of the opinion that the power contended for by the appellants exists in the court. But, on the other hand, we cannot sanction an attempt to procure the examination of a party under the subdivision in question upon papers that do not disclose the necessity for the application. Such necessity must be made to appear by a statement of facts and circumstances. Upon this point the motion papers, as pointed out by the learned chief justice, are radically defective (*see, also,* 7 *Rob.*, 131); and in consequence of such defect the order appealed from must be affirmed.

Order affirmed, with ten dollars costs, with leave to appellants to renew motion upon payment of costs.

SEDGWICK and VAN VORST, *JJ.*, concurred in the foregoing opinion.

BARBOUR, *C. J.*—This is an appeal from an order of the special term, founded upon affidavits and notice of motion, setting aside and vacating an *ex parte* chamber order, which appointed a referee to take the affidavit or deposition of

Frederick N. Hurd, the defendant, under the 401st section of the Code.

As the chamber order in question does not recite the papers on which it was founded, as required by the rule of this court, such order would probably have been set aside as irregular if that defect had been pointed out in the motion papers; but it was not. The chamber order, however, appears to have been founded upon " affidavit;" and there are two affidavits bearing as early a date as the order, and which may be assumed to be the " affidavit" mentioned in the order. One of them is made by a public notary, who states that on a certain day he presented an affidavit to the defendant and requested him to verify it, and, on his refusing to do so, offered to correct the same, if incorrect; and that the defendant refused to verify it or to have it corrected.

The other affidavit, which is that of the attorney in the action, states the legal opinion that it is necessary for the plaintiffs to use the defendants' affidavit upon a motion; and that the affiant believes the facts set out in the affidavit are within the knowledge of the witness. But he states no facts tending to prove that his belief in regard to that matter or his legal opinion was well founded. Nor did either affidavit disclose the nature of the action or defense, or the subject-matter even of the proposed affidavit. Certainly, then, the papers upon which the order at chambers was made were insufficient to warrant its emission; and for that reason the court might, properly, have set it aside.

But the learned judge who presided at special term vacated the order, upon the ground that, although the seventh subdivision of section 401 authorizes a party to an action to obtain in this manner the affidavit or deposition of " any person," that authority does not extend to the examination of a party opponent, inasmuch as the 389th section declares that no examination of a party to an action shall be had on behalf of the adverse party, except in the manner prescribed in the sixth chapter, i. e., as a witness in the cause.

Cockey agt. Hurd.

As the seventh subdivision of section 401 was inserted in the Code as an amendment long subsequent to the enactment of section 389, it may well be that the former section ought to be considered as a modification, *pro tanto*, of the latter to such an extent, at least, as will permit a party to require his adversary to make an affidavit of such facts, proven to be within his knowledge, as may appear to be necessary for the purposes of a motion, provided the facts thus sought to be discovered are of such a nature that they cannot be established upon the examination of the party as a witness under the provisions of the sixth chapter.

It is not necessary to consider that question here, however, as the affidavits upon which the original order was based are wholly insufficient, even upon this theory.

The order appealed from should be affirmed, with costs.