By the Court.—Freedman, J.
The sole question argued on this appeal was as to the power of the court to appoint a referee to take the affidavit or deposition of a party for the purposes of a motion.
Prior to the Revised Statutes the courts possessed no power to compel the making of an affidavit to "be read on a non-enumerated motion; and the practice was either to trust to voluntary affidavits or to award a feigned issue (Bacon v. Magee, 7 Cow. 515, and note).
In the revision of the statutes made in 1830, this defect was pointed out "by the revisers, and pursuant to their suggestion a statute was passed "by which it was provided, that whenever there shall be a motion or other proceeding in the Supreme Court, in which it shall be necessary for either party to have the deposition of any witness who shall have refused voluntarily to make his deposition, the court may direct a commission to be issued to one or more persons, inhabitants of the county in which such witness resides, to take his testimony. And such witness could be subpoenaed to attend and testify before such commissioners in the same manner as before referees, and with the like effect; and obedience to such subpoena was enforced in the same manner (1 Rev. St. 554, §§ 24, 25).
In 1840 another act was passed, by which it was enacted that whenever there shall be a motion or proceeding pending in the Superior Court of the city of Hew York, in which it shall be necessary for either party to have the deposition of any witness who may be within the jurisdiction of said court, and who shall have refused to make his deposition voluntarily, the court may issue a summons requiring said witness to attend before a judge thereof to make his said deposition, and that obedience to such summons may be enforced as in case of a subpoena issued by said court. *44 This statute was also made applicable to the Court of Common Pleas (Laws 1840, chap. 376, § 3).
By chapter 463 of the laws of 1847, which is entitled, “An act to authorize parties in civil suits, at their election, to obtain the testimony of the adverse party,” it was further provided that any party in any civil suit or proceeding, either in law or equity, may require any adverse party to give testimony under oath in the same manner as any other competent witness, either orally, upon the trial, or under a commission, or conditionally, or for the purpose of having Ms testimony perpetuated.
The Code abolished the action to obtain discovery, under oath, in aid of the prosecution or defence of another action (§ 389), and sustituted therefor the examination of a party as a witness on behalf of the adverse party ; so that under it a party may examine his adversary as a witness, in the same manner as any other witness, either at the trial, conditionally, or upon commission (§ 390), and the examination, instead of being had at the trial, may even be had at any time before trial, at the option of the party claiming it (§ 391). The examination, when thus taken before trial, is to be filed in the same manner as the examination of a witness taken de hene esse is required to be filed, and may thereupon be read by either party on the trial (§ 393).
The Code, as originally enacted, also provided that no person offered as a witness should be excluded by reason of his interest in the event of the action (§ 351 of 1848). -But the legislature did not stop here, and by the amendments of the Code in 1857 a party, except in a few specified cases, was made a competent witness for himself.
¡NTotwithstanding these progressive changes in the law, the courts held, up to February, 1863, that no power existed to compel a party to make an affidavit to be read on a motion; and this ruling was invariably justified by' the supposed prohibitory language of § 389 of the Code, *45 which was, and still is, do the effect that no examination of a party shall "be had on "behalf of the adverse party, except in the manner prescribed in the chapter to which said section belongs (Huelin v. Ridner, 6 Abb. 19 ; Palmer v. Adams, 22 How. 375).
The legislature thereupon passed the 7th subdivision of section 401 of the Code, which is as follows:
“When any party intends to make or oppose a motion in any court of record, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person. Such person may be subpoenaed and compelled to attend and make an affidavit before such referee, the same as before a referee to whom it is referred to try an issue. And the fees "of such referee for such service shall be three dollars per day..”
Since that time this court has assumed that the enactment of this subdivision had cured the defect, and has acted accordingly (Moses v. Banker, 7 Rob. 131); arid in Fisk v. the Chicago, Rock Island and Pacific R.R. Co., 3 Abb. H. 8. 430, the Supreme Court, at special term, so held. The Court of Common Pleas, however, expressed a contrary opinion in Hodgkins v. The Atlantic and Pacific R.R. Co. (5 Abb. N. S. 73); and that case, and the one now before us, are the only instances in which the power of the court to order the examination of a party in the manner last referred to has been questioned.
After a careful examination of the question, we have no doubt as to the existence of the power. The former statutes contain the word “ witness,” and in them, as well as in the chapters of the Code that relate to the competency and examination of parties and witnesses, the obvious distinction between a party and a witness is carefully preserved. The said 7th subdivision of section 401, on the other hand, uses the word, “person,” which according to the lexicographers includes every *46 living human being. Lord Danman’s act for improving the law of evidence, passed August 33d, 1843, enacts : “No person offered as a witness shall hereafter be excluded by reason of crime or interest, . . . but every person so offered may be admitted, . . . provided that this act shall not render competent any party to any suit, etc., etc.; ” thus showing that the word “ person” does include a party unless expressly excepted. The same express exception will be found in many of our statutes, whenever a party is intended .to be excepted (see particularly §§ 398 and 399 of the Code). ¡Now as prior to the enactment of the said seventh subdivision the courts did possess the power to compel the examination of every person competent as a witness, with the single exception of a party, and no exception in favor of a party is made therein, and in as much as the law-making power must be presumed to have intended something by its passage, the logical conclusion seems to be that parties as well as witnesses were intended to be covered by that provision. This will still more clearly appear when it is considered, that under the former practice the affidavit of a party was admissible, even before the statute of 1840, in the party’s own behalf, in most, if not all, matters heard and determined on affidavits, and could be read against him after it had been made ; and that the decree awarding a feigned issue frequently directed, among other things, that the plaintiff or the defendant should attend to be examined (Graham’s Pr. 496). For these reasons, and the further one, that the history and course of the legislation of this State plainly shows that it has at all times been the settled policy of the legislature as the representative of the progressive power of the State, to extend the right of the examination of parties as to matters connected with the issues, as well as to such as arise upon collateral inquiries (see Winston v '. English, Special Term, February, 1873), we can come to no other conclusion than the *47 one above indicated. The explanation as to the real object of the amendment which Mr. Justice Barrett attempted to give in 5 Abb. N. S. 75, namely, that it was intended thereby to substitute an expeditious and simple process for the cumbersome and tedious commission so long in rogue in the Supreme Court, rests upon too narrow grounds. Other courts did possess an expeditious process by simple summons, and the said 7th subdivision is made applicable in express terms to all the courts of record in the State. Surely no valid reason can be perceived upon grounds of public policy, why a party who asks a favor from the court upon his own affidavit, should not be called upon by his adversary, in case of necessity, to make to the court explanatory or qualifying statements consistent with the truth.
Section 389 of the Code stands no longer in the way, if it ever did. There is no such repugnancy between this section and the said 7th subdivision as calls for a restricted interpretation of the word “person” contained in the latter. The prohibition contained in the first relates to an examination upon the merits of the action, to an examination to procure evidence as to issuable facts, while the said 7th subdivision relates to the taking of an affidavit or deposition to be used on a motion, and consequently to an examination upon collateral questions arising during the progress of the suit. Besides that, the 7th subdivision referred to was enacted long after the 389th section, and in case of conflict would operate as a modification pro tanto. Section 389 was enacted to do away with bills of discovery in aid of actions pending, and it was for that reason provided that no examination of a party should be had, except in the cases, for the purposes, upon the conditions, and with the consequences specified in the succeeding sections of the same chapter. But the examination thereupon substituted relates solely to the issues, and when thus con *48 strued there is no conflict between the 389th and the 401st sections of the Code.
We are therefore clearly of the opinion that the power contended for by the appellants exists in the court. But, on the other hand, we cannot sanction an attempt to procure the examination of a party under the subdivision in question upon papers that do not disclose the necessity for the application. Such necessity must be made to appear by a statement of facts and circumstances. Upon this point the motion papers, as pointed out by the learned chief justice, are radically defective, (see also 7 Robt. 131), and in consequence of such defect the order appealed from must be affirmed.
Order affirmed with ten dollars costs, with leave to appellants to renew motion upon payment of costs.
Sedgwick and Yah Yorst, JJ., concurred in the foregoing opinion.