## ERIE COUNTY COURT.

OLIVER H. P. CHAMPLIN agt. THOMAS STODART, impleaded, &c.

*Proceedings supplementary to execution are special proceedings — Commission to take testimony of a foreign witness in these proceedings cannot be issued — Code of Civil Procedure, sections 888–2433.*

The power of this court to award a commission, without the consent of parties, to take the testimony of a witness out of this state, depends entirely on statute, and can only be exercised in the cases therein specified.

The provisions of the Code of Civil Procedure, in reference to taking depositions out of this state (*secs.* 887 *et seq.*), relate to actions only.

Supplementary proceedings are special proceedings, and a commission cannot be issued to take the testimony of a foreign witness in such proceedings.

MOTION for an order directing a commission to issue to examine witnesses out of the state in proceedings supplementary to execution.

*James A. Allen*, for motion.

*U. S. Johnson*, opposed.

HAMMOND, *Co. J.*— From the papers and facts presented in this case, I am very decidedly of the opinion that this motion is made in the utmost good faith, and the plaintiff should be allowed the order he asks for, and the privilege of taking the testimony of these witnesses, if the rules and practice of the court or the enactments of the legislature warrant it.

Champlin agt. Stodart.

So far as I have been able to find the proposition is a new one, not having been decided in any reported case, whether a commission may issue to take the testimony of a foreign witness in these proceedings.

Prior to the enactment of the Code of Civil Procedure, it was generally held that supplementary proceedings were proceedings in the action, and were to be treated as such, and governed by the rules and practice governing proceedings in the action, but the question was not free from doubt, as it had been expressly held they were not proceedings in the action but were special proceedings.

But the Code of Civil Procedure has set the matter at rest beyond any controversy by section 2433, in which it expressly provides that they are special proceedings.

The attorney for the plaintiff insists that under the provisions of subdivision 2 of section 888 of the Code of Civil Procedure, he is entitled to the order asked for, and that the commission should issue, because it is a case when " the testimony is required to carry the judgment into effect."

This squarely raises the question whether this provision is applicable to supplementary proceedings.

*In the Matter of an Attorney* (83 *N. Y.*, 164), judge DAN-FORTH, in giving the opinion, says : " Chapter 9, title 3, article 2 (*sections* 887 *to* 913), *relates to actions only* in their various stages, and neither by its terms nor any implication can it be extended to any other mode or form of proceeding."

Further on he states, what I think must be conceded to be true, that the power to award a commission to take the testimony of a foreign witness depends entirely on the statute ; and that independent of some provision of statute authorizing it, no commission can issue to take the testimony of a foreign witness ; and I think, aside from the provison of subdivision 2 of section 888 of the Code above quoted, no provision of statute can be found which will be claimed to authorize the issuing of the commission asked for upon this motion.

So that in view of the decision of the court of appeals, that this section of the Code quoted and relied upon by the plaintiff "*relates to actions only,*" and that the legislature have by section 2433 expressly declared that supplementary proceedings are *special proceedings*, I am forced to the conclusion that there is no provision of statute which authorizes the granting of the order directing the commission to issue in these proceedings, and the motion must be denied.