Andrews.

“The right of a party to an action to have the evidence of witnesses taken upon commission, and the power of the court to award a commission, depend solely upon the statute” (McCall v. Sun Mutual Ins. Co., 50 N. Y. 332). “ The provisions of the Code of Civil Procedure, in reference to taking depositions out of the State, relate to actions only. The statute which authorizes depositions to be taken without the State, for use within the State, relates to actions only, and neither by its terms nor any implication can it be extended to any other mode or form of proceeding”* (In the Matter of an Attorney, 83 N. Y. 165). It was also held in Champlin v. Stodart (64 How. Pr. 378) that a commission could not be issued to take the testimony of a foreign witness to be used in supplementary proceedings; and in Stake v. Andre (18 How. Pr. 159) it was decided, under the provisions of the old Code, which are similar to those of the present Code, that a commission could not be issued to examine a party to an action for the purpose of procuring his testimony to be used on a special motion.
The application, in the present case, is for a commission to take the testimony of Mr. Evans, to be used on a motion ’ by a person not a party to the action, to be relieved from a purchase made under a judgment of foreclosure and sale. The cases above referred to are decisive of the application, and the motion must be denied, with $10 costs, on the ground that the court has no power to issue a commission to take Mr. Evans’ testimony to be used for such purpose.

 Compare Paddock v. Kirkam, 102 N. Y. 597; aff’g 38 Hun, 376, holding 2 R. S. 89, § 37, providing that proceedings upon a reference of a disputed claim against the estate of a deceased person, shall be' “in all respects as if the reference had been made in an action,” authorized the issue of a commission to take testimony out of the State. Distinguishing and explaining Wood v. Howard Ins. Co., 13 Wend. 646; In re Whitney, 4 Hill, 533.